582

William E. FULENWIDER, et al., Appellants,

v.

The CITY OF TEAGUE, Appellee.

No. 10–84–105–CV.

Court of Appeals of Texas, Waco.

Oct. 15, 1984.

J. Val Fulcher, Keils & Fulcher, Teague, for appellants.

Patricia L. Akers, Fairfield, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Fulenwider and Hogan from summary judgment against them and in favor of the City of Teague for the city's right to construct a "sewer re-lift station within the boundaries of 9th Avenue, a validly dedicated public street in the City of Teague".

Plaintiffs Fulenwider and Hogan sued the City of Teague for title and possession of a 59.52 acre tract of land in Freestone County, following an alleged unlawful entry by the agents and officers of defendant, and on which defendant removed a portion of plaintiffs' fences and constructed a sewer re-lift station. Plaintiffs also sought actual and punitive damages as well as attorneys' fees. Plaintiffs claimed title by virtue of a warranty deed dated March 3, 1972, in addition to limitation title under three, five, ten and twenty-five-year statutes.

Defendant generally denied and specially excepted to plaintiffs' pleadings for failure to state a cause of action, citing Article 5517 V.A.C.S. Defendant claimed a street easement by common law dedication and counter-claimed for damages arising from plaintiffs' obstruction of such easement. Defendant alternatively plead, if it was found not to own the easement, that judgment be granted against plaintiffs for an easement pursuant to defendant's power of eminent domain. Plaintiffs further plead by amended petition that if defendant had acquired an easement, such was never dedicated by plaintiffs nor by their predecessors in title; that such right, if any, had been abandoned for over 20 years preceding defendant's unlawful trespass; that if such easement exists, the re-lift station is not located within the right-of-way of such easement; that defendant knew or should have known it had the power under the right of eminent domain to take plaintiffs' property in order to construct a sewage re-lift station thereon.

Defendant subsequently filed motion for summary judgment alleging that no genuine issue of material fact existed because the re-lift station was located within a validly dedicated public street of the City of Teague.

Among the exhibits attached to defendant's motion are a recorded plat of the Colonial Hills Addition reflecting the width of 9th Avenue to be 50 feet, a map illustrating placement of the sewage station on 9th Avenue—9th Avenue depicted as 70 feet wide, and an affidavit by surveyor G.M. Raymond which reads in pertinent part:

1. My name is M.J. Raymond and I am the registered public surveyor who located the sewer lift station location subject of this suit for the City of Teague, Texas.

2. Said sewer lift station is the right-of-way for 9th street as platted on the subdivision map of record for the City of Teague, Texas.

Handwritten on the affidavit and initialed by Raymond is the following statement:

The location of the lift station is the proper location for the proper fall.

Plaintiffs' answer to defendant's motion for summary judgment states in pertinent part:

A genuine issue of material fact further exists as to the location of the sewage re-lift station. Surveyor Raymond places the sewage re-lift station within the 70 foot right-of-way of South 9th Street. Exhibit "B", a plat of Colonial Hills, shows the width of South 9th Street to be 50 feet.

Defendant answered:

Defendant did not state that its re-lift station was within the 70 foot right-of-way of South 9th Avenue. Defendant

did state that the station is within the right-of-way of Ninth Street as it is platted on the map of the Colonial Hills Addition.

Attached to defendant's response as reply Exhibit "A" is the supplemental affidavit of surveyor M.J. Raymond in which he states:

1. My name is M.J. Raymond. I am a registered public surveyor.

2. Regardless of whether 9th Street is 50 feet wide or 70 feet wide, the lift station subject of this suit is wholly within 9th Street.

The trial court rendered summary judgment that plaintiffs take nothing and that the city recover its costs from plaintiffs. The court found the records showed an absence of a genuine issue of material fact as to the right of defendant to construct a sewer lift station because said station is within the boundaries of 9th Avenue, a validly dedicated public street in the City of Teague. The court further found the street a part of the Colonial Hills Addition to the City of Teague as shown on the recorded plat and that the land depicted in such plat had been conveyed since the recording of the plat by deeds specifically referencing the plat.

Plaintiffs appeal on 8 points of error. Points 1 through 5 generally assert the trial court erred in granting defendant's motion for summary judgment in that defendant failed to establish as a matter of law that the claimed extension of 9th Avenue was ever dedicated to the public and that defendant had a right to construct the re-lift station on said claimed extension. Point 6 asserts the trial court erred in granting defendant's motion in that defendant failed to establish as a matter of law that said claimed extension of 9th Avenue, along with the alleged public use, was not abandoned. *Point 7 asserts the trial court erred in granting defendant's motion in that defendant failed to establish as a matter of law that the re-lift station is located within the right-of-way of 9th*

*Avenue, if such street exists.*[1] Point 8 asserts the trial court erred in granting defendant's motion in that a material fact issue existed as to whether the claimed street easement, if any, had been used for street purposes.

 In reviewing a summary judgment, the following rules apply: (1) the movant for summary judgment (defendant city) has the burden of showing there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Rule 166–A(c) TRCP; *Gibbs v. General Motors Corp.*, S.Ct., 450 S.W.2d 827; (2) in deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the nonmovants (plaintiffs Fulenwider and Hogan) will be taken as true. *Cowden v. Bell*, S.Ct., 157 Tex. 44, 300 S.W.2d 286; (3) Every reasonable inference must be indulged in favor of nonmovants, and any doubts resolved in their favor. *Wilcox v. St. Mary's University of San Antonio*, S.Ct., 531 S.W.2d 589; (4) a party opposing the motion for summary judgment is not required to establish his right to prevail. *Glenn v. Prestegord*, S.Ct., 456 S.W.2d 901; *Moseley v. Ramos*, CCA (Waco) NWH, 559 S.W.2d 894; and (5) when a defendant moves for summary judgment on the whole case it assumes the burden of conclusively disproving plaintiff's cause of action or establishing one or more of its defenses as a matter of law. *Huie v. Lone Star Air Conditioning Company*, CCA (Waco) NRE, 486 S.W.2d 182.

We revert to plaintiff's point 7.

Nowhere does Raymond's affidavit or the record otherwise give facts to determine the precise location of 9th Street (or the re-lift station) with reference to plaintiffs' 59.52 acres.

 The unilateral subjective determinations by surveyor Raymond as to the re-lift station's location within the right-of-way of South 9th are conclusions of the affiant and not competent evidence to support a summary judgment. *Hidalgo v.*

---

1. Italics ours.

*Surety Savings and Loan Association,* S.Ct., 487 S.W.2d 702; *Cox v. Bancoklahoma Agri-Service Corp.,* CCA (Amarillo) NWH, 641 S.W.2d 400; *Empire Finance Service v. Western Preferred Life Ins. Co.,* CCA (Waco) ref'd, 461 S.W.2d 489. Such sworn statements do not meet the requirements of Rule 166–A TRCP that the affidavits in support of the motion shall set forth such facts as would be admissible in evidence. See also *Kelly v. City of Marlin,* CCA (Waco) NRE, 340 S.W.2d 507. Although defendant asserts plaintiffs' failure to bring in their own expert to rebut surveyor Raymond's conclusions, summary judgments must stand on their own merits, and the nonmovant's failure cannot supply by default the proof necessary to establish the movant's right. *Swilley v. Hughes,* S.Ct., 488 S.W.2d 64; *Wise v. Dallas Southwest Media Corporation,* CCA (Beaumont) NWH, 596 S.W.2d 533.

Applying the rules recited to the summary judgment evidence in this case, we hold that a genuine issue of material fact exists as to whether the re-lift station was constructed within the extended right-of-way of South 9th Avenue.

Plaintiffs' point 7 is sustained.

The judgment of the trial court is reversed and the cause remanded.

REVERSED & REMANDED.