Mary Ann DICKEY, Independent Executrix of the Estate of John J. Dickey, Appellant,

v.

Helen M. DICKEY, Appellee.

No. 04–95–00021–CV.

Court of Appeals of Texas, San Antonio.

Oct. 4, 1995.

Allen C. Lee, Ingleside, for appellant.

Bruce Robertson, Jr., Law Offices of Bruce Robertson, Jr., San Antonio, for appellee.

Before CHAPA, C.J., and STONE and GREEN, JJ.

STONE, Justice.

This appeal from Bexar County Probate Court Number One involves a lapsed insurance policy on the life of John J. Dickey ("deceased"). The trial court granted partial summary judgment on the issue of liability of the estate. The parties stipulated to the only remaining fact issue, attorneys' fees. The court entered a judgment in favor of appellee for $20,000 plus prejudgment and post-judgment interest, attorney's fees, and court costs.

Helen M. Dickey ("appellee") and the deceased were divorced pursuant to a separation agreement which was approved by an Ohio court in its February 15, 1967 divorce decree. The decree ordered the deceased to maintain two ten thousand dollar ($10,000) State Farm insurance policies on his life designating appellee as an irrevocable primary beneficiary and their children as irrevocable contingent beneficiaries. If he failed to maintain these policies, he was to notify the appellee "immediately." The deceased failed to make payments and the policies lapsed on January 9, 1972 and October 28, 1973 respectively.

Appellee filed suit in Probate Court Number One on January 31, 1991 alleging that the decedent had breached the separation agreement and that the policies had lapsed to her damage in the amount of $20,000. The appellee later filed a motion for partial summary judgment supported by her affidavit and an affidavit of a State Farm Life service supervisor. Appellee states in her affidavit that the deceased never informed her of the cancellation of either policy and that upon his death, she was unable to collect the death benefits originally provided by the policies. Mary Ann Dickey, executrix of the estate and appellant herein, admitted that the policies expired due to nonpayment of premiums, but alleged that limitations and laches barred appellee's claims. Appellant said she and Mr. Dickey never received a communication from appellee inquiring about the status of the policies.

## STANDARD OF REVIEW

The party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex. 1985); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). If a plaintiff moving for summary judgment establishes each element of its cause of action as a matter of law, *see MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986), then the defendant must come forward with summary judgment evidence sufficient to raise a fact issue on each element of its affirmative defense to avoid summary judgment. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984). Every reasonable inference from the evidence will be indulged in favor of the non-movant, and any doubts will be resolved in his favor. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984); *Nixon*, 690 S.W.2d at 549.

## AFFIRMATIVE DEFENSES

In points of error one, two and four Appellant contends the trial court erred in failing to dismiss this case based upon either 1) the four year statute of limitations applicable to contracts, 2) the ten year statute of limitations applicable to the enforcement of judgments, or 3) the doctrine of laches. *See* TEX.CIV.PRAC. & REM.CODE ANN. § 16.004(a)(3), 31.006, 34.001 (1986). She claims appellee failed to timely present her claim against the deceased during his lifetime so that he could have defended himself

and asserted his own defenses of limitations or inability to pay.

When a respondent to a motion for summary judgment is relying upon an affirmative defense to defeat the motion, it is not enough merely to allege that defense in the response. *Jones v. Texas Pacific Indemnity Co.,* 853 S.W.2d 791, 795 (Tex.App.—Dallas 1993, no writ). The respondent must also present competent summary judgment evidence which raises a fact issue on each element of that defense. *Id.*

### Statute of Limitations

For purposes of limitations, a cause of action can generally be said to accrue when the wrongful act effects an injury, regardless of when the plaintiff learned of such injury. *Moreno v. Sterling Drug, Inc.,* 787 S.W.2d 348, 351 (Tex.1990). The discovery rule is a judicially constructed test which is used to determine when a plaintiff's cause of action accrued. *Id.* When applied, the rule operates to toll the running of the period of limitations until the time that the plaintiff discovers, or through the exercise of reasonable care and diligence should discover, the nature of his injury. *Id.*

The discovery rule was raised by appellee in her motion for summary judgment when she stated in her affidavit that the deceased never told her that the policies had lapsed. Appellant merely plead the affirmative defense of limitations in response to the summary judgment motion, and did not address the discovery rule. Appellant contends the discovery rule does not apply to this case, and in support of her argument she cites an unpublished opinion of this Court. Unpublished opinions are not persuasive authority and are not to be cited as authority by counsel or a court. Tex.R.App.P. 90(i). The opinion cited by appellant is inapplicable for the additional reason that the language relied upon by appellant was withdrawn by this Court on motion for rehearing.

Although appellant raised the discovery rule in her motion, we are unable to determine whether the discovery rule tolled the statute of limitations in this case because there is no summary judgment evidence

showing when the appellee learned of the expired insurance policies. Appellee stated in her petition that she did not learn of the expiration of the policies until December 21, 1989; however, she did not include this information in her summary judgment affidavit. Generally, pleadings alone do not constitute summary judgment evidence. *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). For an issue to be properly before the trial court on a motion for summary judgment, it must be expressly presented to the court either by a written motion, answer, or response to the motion. *Id.* at 677; Tex.R.Civ.P. 166a(c). We hold that a fact issue remains on the discovery rule—specifically, on what date appellee first learned that the insurance policies had lapsed. Appellant is not entitled to dismissal on limitations, however, since she did not establish all elements of the affirmative defense as a matter of law.

Appellee claims the discovery rule is not determinative and that this case is not barred by limitations because the deceased owed her a continuing duty under the separation agreement to either pay the premiums or inform her that he failed to maintain the premiums. We need not address this argument because appellee never made this argument to the trial court in her motion for summary judgment, and thus it may not be raised for the first time on appeal. *See City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d at 675; Tex.R.Civ.P. 166a(c).

### Laches

The two essential elements of laches are (1) unreasonable delay by one having legal or equitable rights in asserting them, and (2) a good faith change of position by another to his detriment because of the delay. *City of Fort Worth v. Johnson,* 388 S.W.2d 400, 403 (Tex.1964). Appellant did not present any summary judgment evidence of either of the elements of laches. Appellant did not meet her burden; therefore, appellant's point of error number four is overruled.

## JURISDICTION

In Appellant's third point of error, she contends the probate court lacked jurisdiction to enter a judgment in this case because insurance proceeds are a non-probate asset. The appellee sued the estate of the deceased for the amount she should have received under the life insurance policies had they been maintained pursuant to the divorce decree. The probate court has jurisdiction over all claims by or against the estate. TEX. PROB.CODE ANN. § 5A (Vernon Supp.1995). Appellant's point of error number 3 is overruled.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.