

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00777-CV

Arlene J. **RODRIGUEZ**,
Appellant

v.

**CITIBANK, N.A.**,
Appellee

From the 216th Judicial District Court, Kerr County, Texas
Trial Court No. 12470A
Honorable N. Keith Williams, Judge Presiding

Opinion by:     Marialyn Barnard, Justice

Sitting:         Catherine Stone, Chief Justice
                  Marialyn Barnard, Justice
                  Rebeca C. Martinez, Justice

Delivered and Filed:   August 30, 2013

AFFIRMED

Appellant Arlene J. Rodriguez appeals from a summary judgment in favor of appellee Citibank, N.A. On appeal, Rodriguez contends the trial court erred in: (1) overruling her objections to an affidavit filed by Citibank in support of its motion for summary judgment, and (2) granting summary judgment in favor of Citibank. We affirm the trial court's judgment.

### BACKGROUND

In its petition, Citibank specifically alleged Rodriguez had requested to open a credit card account with Citibank and that an account bearing number "XXXXXXXXXXXX7174" had been

opened in her name. Citibank stated that when it referred to the account number, it was referring to "the full and complete account number assigned to the credit card account by the bank." However, for purposes of the petition, it had redacted all but the last four numbers. Citibank claimed Rodriguez had failed to pay the amounts due and owing on the credit card, prompting the suit. After Rodriguez answered, Citibank moved for summary judgment on its account stated claim, seeking recovery of $19,464.80. The trial court granted the motion for summary judgment and awarded Citibank the entire amount sought. Rodriguez then perfected this appeal.

## ANALYSIS

As noted above, Rodriguez claims the trial judge erred in overruling her objections to the summary judgment affidavit supporting Citibank's motion for summary judgment, and in granting the motion for summary judgment. Citibank counters that it established its right to judgment as a matter of law, and Rodriguez failed to present evidence raising a genuine issue of material fact.

### *Objections to Affidavit*

Rodriguez first complains the trial court erred in denying her objections to the affidavit of Ryan Cogan, which was included by Citibank in support of its motion for summary judgment. Specifically, Rodriguez contends the affidavit lacked personal knowledge and included numerous conclusory statements.

### *Standard of Review*

In determining whether a trial court erred in overruling an objection to summary judgment evidence, we use an abuse of discretion standard. *In re Estate of Denman*, 362 S.W.3d 134, 140 (Tex. App.—San Antonio 2011, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules and principles. *Id.* at 141. A trial court does not abuse its discretion merely because it decides an issue differently than the appellate court would. *Id.*

*Lack of Personal Knowledge*

Rodriguez begins by arguing Cogan's affidavit lacks personal knowledge because it does not show how he became personally familiar with the facts within the affidavit.[1]  Rodriguez claims Cogan's status as a document control officer did not affirmatively show how he had knowledge of any agreement between Citibank and Rodriguez.  In other words, Rodriguez contends Cogan failed to establish the basis for his attested personal knowledge regarding the relationship and events between Citibank and Rodriguez.

In his affidavit, Cogan avers the statements in his affidavit are based on his personal knowledge and his review of the business records described within the affidavit.  Cogan states he is authorized to make the affidavit on behalf of Citibank and is employed by Citibank or an affiliate.  Cogan asserts he is a "Document Control Officer" and his duties include acting as a custodian of records with respect to accounts owned by Citibank.  He further states that as a custodian, he has "knowledge of, and access to, account information and records" concerning Rodriguez's account, which is the subject of the lawsuit.  He then avers the account records attached to his affidavit contain Rodriguez's name, address, account number, and account history, including charges made, interest, fees assessed, and payments or credits received.

We agree with Rodriguez that a mere blanket recitation of personal knowledge of the matters contained in an affidavit is insufficient.  *See, e.g., Laidlaw Waste Sys. v. City of Wilmer*,

---

[1] Citibank contends Rodriguez failed to preserve her personal knowledge objection for appellate review because she failed to obtain a ruling from the trial court on her objection.  In *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008), the supreme court held the testimony of witness without personal knowledge is no evidence.  Accordingly, it seems a claim that an affiant lacks personal knowledge is a substantive defect that requires neither an objection nor a ruling. *Balderas v. Saenz*, No. 04–11–00873–CV, 2013 WL 346183, at *3 (Tex. App.—San Antonio Jan. 13, 2013, pet. denied) (mem. op.) (citing TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS § 6.03[5][d] (3d ed. 2012)).  We will therefore assume for purposes of this opinion that Rodriguez preserved this issue for our review.  Moreover, construing her objections liberally, and considering the trial court's order regarding the objections, it appears Rodriguez objected to the affidavit based on lack of personal knowledge and that this objection, along with the others she asserted, were overruled.

904 S.W.2d 656, 661 (Tex. 1995); *Valenzuela v. State & Cnty. Fire Ins. Co.*, 317 S.W.3d 550, 553 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Rather, the affiant must explain how he has personal knowledge. *Valenzuela*, 317 S.W.3d at 55; *see Kerlin*, 274 S.W.3d at 668. "An affiant's position or job responsibilities can qualify him to have personal knowledge of facts and establish how he learned of the facts." *Valenzuela*, 317 S.W.3d at 553. And, an affiant's personal knowledge may be acquired not only through his position, but also through his specifically described job duties. *Id.*; *see, e.g., 1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, 192 S.W.3d 20, 27 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (holding affiant's personal knowledge resulted from his employment as director of controller's division which kept records of licenses and government approvals); *First Nat'l Bank in Munday v. Lubbock Feeders, L.P.*, 183 S.W.3d 875, 881 (Tex. App.—Eastland 2006, pet. denied) (holding affiant established personal knowledge because he was yard manager and familiar with customer accounts because job required him to be familiar with such accounts). Thus, the requirement of personal knowledge is satisfied when an affiant identifies the position he holds and describes his job responsibilities so that one can reasonably assume he would be particularly situated to have personal knowledge of the facts within his affidavit. Timothy Patton, Summary Judgments in Texas § 6.03[5][a] (3d ed. 2012).

Based on our review of Cogan's affidavit, we hold he has demonstrated personal knowledge of the facts stated within the affidavit, i.e., Rodriguez's relationship with Citibank and the events relating thereto. Cogan asserts that as the "Document Control Officer" for Citibank, his duties include acting as a custodian of records with respect to accounts owned by Citibank. He states that as a custodian, he has "knowledge of, and access to, account information and records" concerning Rodriguez's account. Accordingly, we disagree with Rodriguez that Cogan has not established how he would have knowledge of her account or relationship with Citibank–he

affirmatively explained that as custodian of records he has access to and knowledge of Citibank accounts, including Rodriguez's account. *Compare Kyle v. Countrywide Home Loans, Inc.*, 232 S.W.3d 355, 359 (Tex. App.—Dallas 2007, pet. denied) (holding affiant's testimony that she was custodian of records for mortgagee with respect to mortgagor's loan was sufficient to identify her position and responsibilities, meeting personal knowledge requirement); *Rockwall Commons Assocs., Ltd. v. MRC Mortg Grantor Trust I*, 331 S.W.3d 500, 551 (Tex. App.—El Paso 2010, no pet.) (holding affiant's testimony that she was custodian of records for appellee and affiliate was sufficient to establish personal knowledge of underlying transactions between them; as custodian for both entities, she would have access to all documents) *with Landmark Org., L.P. v. Tremco Inc.*, No. 03–07–00673–CV, 2010 WL 2629863, at *11 (Tex. App.—Austin June 30, 2010, no pet.) (mem. op.) (holding affiant did not establish personal knowledge where she failed to explain how she would have acquired knowledge through role as secretary of general partner); *Lawrence Marshall Dealerships v. Meltzer*, No. 14–07–00920–CV, 2009 WL 136908, at *4 (Tex. App.—Houston [14th Dist.] Jan. 20, 2009, no pet.) (mem. op.) (holding affiant failed to establish personal knowledge where he stated job title but failed to identify his duties or other basis for personal knowledge). We therefore hold the trial court did not abuse its discretion in overruling Rodriguez's personal knowledge objection.

### Improper Legal and Factual Conclusions

Rodriguez also contends the trial court should have sustained her objections to numerous statements in Cogan's affidavit. She specifically complains about the following statements in the affidavit:

- Citibank's record regarding the Account contain . . . the minimum payment due and the total outstanding balance due on the Account

- defendant [Rodriguez] did eventually fail to make the payments due on the Account

- defendant [Rodriguez] is presently in default on the Account

- the balance on the Account is $19,464.80

- the Account balance of $19,464.80 is due and owing

Rodriguez contends these statements are improper legal and factual conclusions and cannot support summary judgment.[2]  We disagree.

Texas courts have long held that conclusory statements in affidavits are insufficient to establish the existence of a fact in support of a motion for summary judgment.  *See, e.g., Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); *James L. Gang & Assocs., Inc. v. Abbott Labs., Inc.*, 198 S.W.3d 434, 442 (Tex. App.—Dallas 2006, no pet.); *Fulenwider v. City of Teague*, 680 S.W.2d 582, 584–85 (Tex. App.—Waco 1984, no writ).  "A conclusory statement is one that does not provide the underlying facts to support the conclusion."  *Weech v. Baptist Health Sys.*, 392 S.W.3d 821, 826 (Tex. App.—San Antonio 2012, no pet.) (quoting *Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex. App.—Houston [1st Dist.] 1997, no pet.)).  Thus, an affidavit that is merely a sworn statement of the allegations in a pleading or that simply paraphrases statutory language is conclusory and lacks probative force. *See Selz v. Friendly Chevrolet, Ltd.*, 152 S.W.3d 833, 837 (Tex. App.—Dallas 2005, no pet.) (holding affiant's sworn repetitions of allegations in pleadings were conclusory and insufficient to

---

[2] Rodriguez also complains about the following statement, which she alleges appears in Cogan's affidavit:

"defendant [Rodriguez] . . . under the Agreement became bound to pay Discover Bank the amounts of such advances, plus additional charges."

However, this statement is not in Cogan's affidavit.  Moreover, this statement refers to amounts due to "Discover Bank," which is not a party to this action.

raise fact issue on summary judgment); *Nichols v. Lightle*, 153 S.W.3d 563, 570 (Tex. App.—Amarillo 2004, pet. denied) (holding affidavit that merely paraphrased statutory language was conclusory and insufficient to raise fact issue on summary judgment). However, logical conclusions based on stated underlying facts within the affidavit or attachments thereto are not improper conclusions and are probative. *Rizkallah*, 952 S.W.3d at 587.

Reviewing the challenged statements in Cogan's affidavit, we hold they are not conclusory. Rather, the statements are logical conclusions based on facts stated within Cogan's affidavit regarding Rodriguez's account as well as information contained within the account documents attached to Cogan's affidavit. Cogan states in his affidavit the account documents contain Rodriguez's name and billing address, her account number, the history of the account, which includes charges, interest, and fees assessed, minimum payments due, and the total outstanding balance. The documents, when considered together, provide a factual basis for each statement challenged by Rodriguez. Thus, Rodriguez's complaint about the statements in Cogan's affidavit is without merit.

### Motion for Summary Judgment

Having determined Cogan's affidavit was not objectionable on the grounds asserted by Rodriguez, we must now address her contention that the trial court erred in granting summary judgment in favor of Citibank. Rodriguez argues Citibank did not establish it was entitled to judgment as a matter of law, or that she produced sufficient evidence to defeat summary judgment.

### Standard of Review

We review a trial court's order granting summary judgment de novo. *In re Estate of Denman*, 362 S.W.3d 134, 142 (Tex. App.—San Antonio 2011, no pet.) (citing *Traveler's Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Hauser v. Cuellar*, 345 S.W.3d 462, 463 (Tex. App.—San Antonio 2011, pet. denied) (en banc)). A traditional motion for summary judgment is

granted only when the movant establishes there are no genuine issues of material fact, and the movant is entitled to judgment as a matter of law. *Lesieur v. Fryar*, 325 S.W.3d 242, 246 (Tex. App.—San Antonio 2010, pet. denied) (citing *Browning v. Prostok*, 165 S.W.3d 336, 244 (Tex. 2005)). When a plaintiff moves for summary judgment on its own cause of action, it must prove it is entitled to summary judgment by establishing each element of its claim as a matter of law. *Certain Underwriters at Lloyd's v. LM Ericsson Telefon, AB*, 272 S.W.3d 691, 694 (Tex. App.—Dallas 2008, pet. denied). If the plaintiff proves it is entitled to judgment as a matter of law, the burden shifts to the nonmovant defendant who must come forward with summary judgment evidence sufficient to raise a fact issue to preclude summary judgment. *Kyle*, 232 S.W.3d at 358; *see Dickey v. Dickey*, 908 S.W.2d 311, 312 (Tex. App.—San Antonio 1995, no writ). In determining whether the nonmovant has raised a fact issue, we must: (1) review the evidence in the light most favorable to the nonmovant, crediting favorable evidence if reasonable jurors could do so, (2) disregard contrary evidence unless reasonable jurors could not, and (3) indulge every reasonable inference from the evidence in favor of the nonmovant. *Lesieur*, 325 S.W.3d at 246 (citing *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997)); *see Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006) (applying *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005) in summary judgment context).

*Summary Judgment–Account Stated*

A party is entitled to recover under the common law cause of action for account stated where: (1) transactions between the parties give rise to indebtedness of one to the other; (2) an agreement, express or implied, between the parties fixes an amount due; and (3) the one to be charged makes a promise, express or implied, to pay the indebtedness. *Busch v. Hudson & Keyse, LLC*, 312 S.W.3d 294, 299 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *Dulong v. Citibank (South Dakota), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.). Because the

agreement can be express or implied, contrary to Rodriguez's contention, the party seeking to recover need not prove the existence of a written contract, but can simply present evidence of acts and conduct by the parties that give rise to an implied agreement fixing an amount due and that the indebted party agreed to pay the indebtedness. *See Busch*, 312 S.W.3d at 299. In a case involving a credit card debt, acts and conduct that are sufficient to establish the agreement may include the cardholder's payment on the account and acquiescence in the credit card company's imposition of interest, fees, and charges. *See id.*

Cogan's affidavit and the monthly statements attached thereto show Citibank issued Rodriguez a credit card. Cogan identifies the account ending in number 7174 as belonging to Rodriguez. Cogan specifically states Citibank's records show Rodriguez opened and used the account. According to Cogan, the documents relevant to that account contain Rodriguez's name and billing address, the account history (charges made, interest or fees assessed, and payments or credits received), as well as the outstanding balance. He specifically avers the billing statements describing the charges made by Rodriguez, interest incurred, fees assessed, payments made, amounts credited, and the amount due on the account, were provided to Rodriguez. The billing statements were mailed to the same address for Rodriguez each time, and the account documents reflect Rodriguez, at times, made payments on the account – usually the minimum monthly amount due as stated on the billing statement. There is no indication in the account records Rodriguez ever objected to the increased interest rate – assessed for late or nonpayment – or any of the other fees or charges assessed and stated on the monthly billing statement. The summary judgment evidence establishes Citibank continued to send statements to Rodriguez until April of 2011. At that time, the account documents show Rodriguez owed $19,464.80 on the account.

We hold the summary judgment evidence provided by Citibank establishes, as a matter of law, the elements of an account stated, thereby entitling Citibank to summary judgment. Cogan's

affidavit and the attached account documents establish transactions between Citibank and Rodriguez, and that those transactions gave rise to an indebtedness by Rodriguez to Citibank. *See id.* The account documents show an amount due, and an implied promise to pay by Rodriguez, especially in light of the fact that at times she did make payments. *See id.* Contrary to Rodriguez's claim, the existence of a written contract is not necessary if there is evidence she made payments on the account and acquiesced in Citibank's imposition of interest, fees, and charges. *See id.*

We find no merit to Rodriguez's assertion that Citibank failed to meet its burden because it failed to provide the entire account number in its summary judgment evidence. Citibank stated in its original petition that it was redacting all but the last four digits of the account. Cogan specifically identified the account by the final four digits, which is customary in this day of stolen identities and credit card fraud. Moreover, the local rules of this court specifically require redaction of credit card numbers. *See* 4TH TEX. APP. (SAN ANTONIO) LOC. R. 10(d)(4). Finally, proof of a sixteen–digit account number was not necessary to establish Citibank's account stated claim. Citibank merely had to prove transactions between the parties that gave rise to an indebtedness, and that Rodriguez promised to pay it. *See Busch*, 312 S.W.3d at 299; *Dulong*, 261 S.W.3d at 893.

We also disagree with Rodriguez's contention that Citibank was required to prove she actually received the statements in order to establish she promised to pay the indebtedness. Rodriguez argues the third element of an account stated claim – that Rodriguez made a promise, express or implied, to pay the indebtedness – can be met only if Citibank proves she physically received the billing statements. Otherwise, according to Rodriguez, Citibank cannot show she acquiesced in the company's imposition of interest, fees, and charges. The law states the third element can be proven by the fact that the cardholder paid on the account. *See id.* The summary judgment evidence establishes Rodriguez made payments on the account identified as belonging

to her. Rodriguez's payments, which she does not dispute, coupled with the undisputed fact the billing statements shows *all* charges assessed, establishes acquiescence in Citibank's imposition of fees, interest, and charges. *See id.*

Finally, Rodriguez contends her summary judgment evidence, specifically her affidavit, was sufficient to create a fact issue precluding summary judgment. Again, we disagree.

In her affidavit, Rodriguez stated: (1) she never signed an agreement with Citibank, (2) never had an account with the number "XXXXXXXXXXX7174," (3) never agreed to pay interest in excess of 6% per annum, (4) never agreed to be charged a monthly premium to be included in the CreditShield program, and (5) never saw the billing statements until she reviewed Citibank's motion for summary judgment. We hold these statements in Rodriguez's affidavit are nothing more than a series of denials, much like the general denial in her answer. *See Selz*, 152 S.W.3d at 837 (holding affidavit that is merely sworn statement of allegations in pleading lacks probative force). Accordingly, Rodriguez's affidavit is insufficient to defeat Citibank's summary judgment. *See id.* (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) (holding allegations that simply mirror pleadings themselves do not constitute summary judgment evidence)). Accordingly, we hold Rodriguez failed to present more than a scintilla of summary judgment evidence to defeat Citibank's motion for summary judgment.

## CONCLUSION

Based on the foregoing, we hold the trial court did not err in (1) overruling Rodriguez's objections to Citibank's summary judgment evidence, and (2) granting Citibank's motion for summary judgment. We therefore overrule Rodriguez's issues and affirm the trial court's judgment.

Marialyn Barnard, Justice