**Melinda R. BUSCH, Appellant,**

v.

**HUDSON & KEYSE, LLC, Appellee.**

**No. 14–09–00009–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 11, 2010.

was not a Saturday, Sunday, or legal holiday. *See* TEX.R. CIV. P. 4.

Neal D. Cannon, Jr., Houston, for appellant.

Keith Wier, Houston, for appellee.

Panel consists of Justices FROST, BOYCE, and SULLIVAN.

## OPINION

WILLIAM J. BOYCE, Justice.

Appellant Melinda R. Busch challenges the trial court's judgment in favor of appellee Hudson & Keyse, LLC. Hudson & Keyse sued Busch to recover credit card debt. Busch contends that the trial court erred in (1) issuing untimely findings of fact and conclusions of law; (2) granting judgment for Hudson & Keyse because Hudson & Keyse is not entitled to recover on any of its causes of action; and (3) awarding Hudson & Keyse attorney's fees. We affirm.

### Background

Discover issued a Discover Card to Busch in 1996. Busch made purchases with the credit card and made payments on the account. Busch subsequently defaulted on the account in the amount of $9,779.61, and Discover sold the account to Vision Nevada, Inc. Vision Nevada sold Busch's account to Hudson & Keyse.

Hudson & Keyse filed suit on August 20, 2007, alleging causes of action for account stated, open account, and breach of contract, and seeking to recover the principal amount of $9,779.61, plus interest totaling $4,656.77, costs, and attorney's fees.

Busch filed her "Second Amended Answer, Counterclaim and Request for Disclosures" on July 7, 2008, asserting various defenses and counterclaims for alleged violations of the Fair Debt Collection Practices Act and Texas Debt Collection Act.

After a bench trial, the trial court signed a final judgment in favor of Hudson & Keyse and a take-nothing judgment on Busch's counterclaims. The final judgment awarded Hudson & Keyse $14,436.38, plus post-judgment interest and attorney's fees. Busch timely requested findings of fact and conclusions of law on October 23, 2008.[1] When the trial court did not file its findings of fact and conclusions of law by November 12, 2008, Busch filed a notice of past due findings of fact and conclusions of law on November 20, 2008, making the findings and conclusions due December 2, 2008.[2]

The trial court filed its findings and conclusions on December 31, 2008. In its findings of fact, the trial court found that (1) Busch had a credit card account with Discover; (2) Hudson & Keyse "is the current holder and legal owner of [Busch's] Discover account;" (3) Busch made purchases and payments on the account; (4) Hudson & Keyse proved the contractual terms of the agreement between Discover and Busch at trial; (5) Hudson & Keyse proved the balance due on the account was $14,436.38; and (6) Busch offered no proof supporting her counterclaims or affirmative defenses. In its conclusions of law, the trial court concluded (1) Hudson & Keyse offered sufficient proof to establish (a) that it is the

rightful owner of Busch's Discover Card account, (b) the terms of the agreement between Busch and Discover, and (c) that Busch failed to pay the amount due, which was $14,436.38; (2) Hudson & Keyse is entitled to judgment in the amount of $14,436.38, plus attorney's fees in the amount of $15,000; and (3) Busch failed to provide any credible evidence supporting her counterclaims or affirmative defenses. Busch appeals from the trial court's judgment.

## Analysis

Busch presents eight issues on appeal. First, Busch contends that "[t]he trial court erred in filing findings of fact and conclusions of law more than forty days after the filing of the request for findings and conclusions by [Busch]." In her second issue, Busch argues that the evidence is legally insufficient to support the trial court's judgment on Hudson & Keyse's breach of contract claim. In issues three through five, Busch challenges the legal sufficiency of the evidence regarding finance charges, late fees, and over-limit fees. In her sixth issue, Busch contends that "the trial court erred in granting judgment for [Hudson & Keyse] based on open account or account stated because such causes of action are not available where the underlying debt arises from a credit card account." In her seventh issue, Busch argues that the trial court erred in granting judgment for Hudson & Keyse. Lastly, in her eighth issue, Busch contends that the trial court erred in

1. Any party may request findings of fact and conclusions of law within 20 days after the judgment is signed. Tex.R. Civ. P. 296. In this case, the trial court signed its judgment on October 15, 2008.

2. If the trial court does not file its findings of fact and conclusions of law within 20 days after a timely request, the requesting party

shall file a "Notice of Past Due Findings of Fact and Conclusions of Law" within thirty days after filing the original request. Tex.R. Civ. P. 297. The trial court then has 40 days from the date the original request was filed to file its findings of fact and conclusions of law. *Id.*

awarding Hudson & Keyse attorney's fees.[3]

## I. Findings of Fact and Conclusions of Law

 In her first issue, Busch argues that we cannot consider the trial court's findings of fact or conclusions of law for any purpose because they were filed untimely. We disagree.

 If proper presentation of a case on appeal is prevented by a trial court's failure to make requested findings of fact and conclusions of law, the proper remedy is to abate the appeal and direct the trial court to make findings and conclusions pursuant to Texas Rule of Appellate Procedure 44.4(b). *Acad. Corp. v. Interior Buildout & Turnkey Constr., Inc.*, 21 S.W.3d 732, 739 n. 1 (Tex.App.-Houston [14th Dist.] 2000, no pet.). In this case, no purpose would be served by abatement because the trial court corrected its failure to act by filing findings of fact and conclusions of law on December 31, 2008. We can consider the late-filed findings and conclusions on appeal. *See In re Gillespie*, 124 S.W.3d 699, 703 (Tex.App.-Houston [14th Dist.] 2003, orig. proceeding) (en banc) ("Thus, even if a trial court's plenary power has expired, the trial court is not prevented from entering properly requested findings and conclusions."). Busch was not prejudiced by the trial court's delay because the findings of fact and conclusions of law were on file almost three months before she filed her original appellate brief.

We overrule Busch's first issue.

## II. Sufficiency of the Evidence

Busch argues that the trial court erred in granting judgment for Hudson & Keyse because Hudson & Keyse is not entitled to judgment based on any of its causes of action—account stated, open account, or breach of contract.

We must affirm if the trial court's judgment is supported by any of the theories relied upon. *See Boyce Iron Works, Inc. v. Sw. Bell Tel. Co.*, 747 S.W.2d 785, 787 (Tex.1988); *Durban v. Guajardo*, 79 S.W.3d 198, 207 (Tex.App.-Dallas 2002, no pet.). We turn first to Hudson & Keyse's account stated cause of action.

 In her sixth and seventh issues, Busch argues that the account stated cause of action does not apply to the collection of credit card accounts. We disagree. We have previously addressed this issue and held that account stated is a proper cause of action for a credit card collection suit. *See Jaramillo v. Portfolio Acquisitions, LLC*, No. 14–08–00939–CV, 2010 WL 1197669, at *7 (Tex.App.-Houston [14th Dist.] Mar. 30, 2010, no pet. h.) (mem. op.); *Butler v. Hudson & Keyse, L.L.C.*, No. 14–07–00534–CV, 2009 WL 402329, at *3 (Tex.App.-Houston [14th Dist.] Feb. 19, 2009, no pet.) (mem. op.). Opinions from other courts also so hold. *See McFarland v. Citibank (S.D.), N.A.*, 293 S.W.3d 759, 764 (Tex.App.-Waco 2009, no pet.); *Dulong v. Citibank (S.D.), N.A.*, 261 S.W.3d 890, 893 (Tex.App.-Dallas 2008, no pet.); *Tully v. Citibank (S.D.), N.A.*, 173 S.W.3d 212, 216 (Tex.App.-Texarkana 2005, no pet.).

 In her third, fourth, and fifth issues, Busch argues that the evidence is legally insufficient to support the trial court's award of finance charges, late fees, and over-limit fees. In reviewing a trial court's findings of fact for legal sufficiency, we apply the same standards that we apply in reviewing jury findings. *Ulmer v. Ulmer*, 130 S.W.3d 294, 299 (Tex.App.-

---

3. Busch does not challenge the portion of the trial court's judgment addressing her counterclaims. Therefore, we do not address her counterclaims on appeal.

Houston [14th Dist.] 2004, no pet.) (en banc). Legal insufficiency challenges may be sustained only when the record discloses one of the following situations: (a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; or (d) the evidence establishes conclusively the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 810 (Tex. 2005) (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence Points of Error*," 38 Tex. L. Rev. 361, 362–63 (1960)).

We must consider evidence in the light most favorable to the findings and indulge every reasonable inference that would support them. *City of Keller*, 168 S.W.3d at 822. If the evidence allows only one inference, neither the fact finder nor the reviewing court may disregard that evidence. *Id.* "The traditional scope of review does not disregard contrary evidence in every no evidence review if there is no favorable evidence (situation (a) above), or if contrary evidence renders supporting evidence incompetent (situation (b) above) or conclusively establishes the opposite (situation (d) above)." *Id.* at 810–11. If the evidence at trial would enable reasonable and fair-minded people to differ in their conclusions, then the fact finder must be allowed to do so. *Id.* at 822. Accordingly, the ultimate test for legal sufficiency always must focus on whether the evidence would enable a reasonable and fair-minded fact finder to reach the judgment under review. *Id.* at 827. Legal sufficiency review in the proper light must credit favorable evidence if a reasonable fact finder could do so, and must disregard contrary evidence unless a reasonable fact finder could not do so. *Id.* The reviewing court cannot substitute its judgment for that of the fact finder if the evidence falls within this zone of reasonable disagreement. *Id.* at 822.

We review a trial court's conclusions of law *de novo*. *See BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex.2002). If we determine that the trial court made an erroneous conclusion of law, we will not reverse if the trial court rendered the proper judgment. *See id.* We uphold conclusions of law if the judgment can be sustained on any legal theory supported by the evidence. *Id.*

A party is entitled to relief under the common law cause of action for account stated when (1) transactions between the parties give rise to indebtedness of one to the other; (2) an agreement, express or implied, between the parties fixes an amount due; and (3) the one to be charged makes a promise, express or implied, to pay the indebtedness. *Dulong*, 261 S.W.3d at 893; *Butler*, 2009 WL 402329, at *2. Because an agreement on which an account stated claim is based can be express or implied, a creditor need not produce a written contract to establish the agreement between the parties; an implied agreement can arise from the acts and conduct of the parties. *See McFarland*, 293 S.W.3d at 763.

Hudson & Keyse submitted billing statements from September 2001 until November 2003. There is no evidence to suggest the statements were not received. The statements reflect that charges and payments were made on the account. The statements also reflect that interest was charged against the account at varying rates, and late fees and over-limit fees were periodically assessed against Busch. There is no evidence Busch ever objected to or disputed any charges or fees.

Timothy Elder, Hudson & Keyse's Dallas office manager, testified that Hudson & Keyse was "seeking to recover the sum of $9,779.61, plus interest totaling [$]4,656.77" based on Busch's use of the Discover credit card. Nancy Quere, Hudson & Keyse's legal account manager, stated in her affidavit that "there is justly an amount due and owing ... by [Busch] to [Hudson & Keyse] ... amounting to $9,779.61, plus interest totaling $4,656.77, beginning from OCT 31 2003 through JUN 20, 2001...." Based on Busch's use of the credit card, we may reasonably infer that Busch impliedly agreed to pay a fixed amount equal to the purchases she made, plus interest and fees. *See McFarland,* 293 S.W.3d at 763; *Dulong,* 261 S.W.3d at 894.

Viewing the evidence in the light most favorable to the finding in the trial court, we hold that the evidence is legally sufficient to support the trial court's award of finance charges, late fees, and over-limit fees based on Hudson & Keyse's account stated claim. *See City of Keller,* 168 S.W.3d at 822. Accordingly, the trial court did not err in granting judgment for Hudson & Keyse based on an account stated cause of action.[4] *See McFarland,* 293 S.W.3d at 764.

We overrule Busch's third, fourth, fifth, sixth, and seventh issues.

## III. Attorney's Fees

In her eighth issue, Busch challenges the trial court's award of attorney's fees to Hudson & Keyse under Chapter 38 of the Texas Civil Practice and Remedies Code.

Texas Civil Practice and Remedies Code section 38.001(8) authorizes a prevailing party in a claim based on an oral or written contract to recover attorney's fees. Tex. Civ. Prac. & Rem.Code Ann. § 38.001(8) (Vernon 2008). Hudson & Keyse can recover attorney's fees under Chapter 38 based upon an account stated claim. *See Budzyn v. Citibank (S.D.), N.A.,* No. 01–08–00211–CV, 2010 WL 1240765, at *6 (Tex.App.-Houston [1st Dist.] Mar. 25, 2010, no pet. h.); *see also Butler,* 2009 WL 402329, at *4 (affirming attorney's fees award based on account stated cause of action).

Under Chapter 38, the prevailing party must be represented by an attorney and must present the claim to the opposing party or to a duly authorized agent of the opposing party. Tex. Civ. Prac. & Rem.Code Ann. § 38.002 (Vernon 2008). If payment for the just amount owned is not tendered before the expiration of the 30th day after the claim is presented, the prevailing party may recover attorney's fees. *Id.* Presentment of the claim is required to provide the other party with an opportunity to pay the claim before incurring an obligation for attorney's fees. *Brainard v. Trinity Universal Ins. Co.,* 216 S.W.3d 809, 818 (Tex.2006). No particular form of presentment is required. *France v. Am. Indem. Co.,* 648 S.W.2d 283, 286 (Tex.1983). All that is necessary is that a party show that its assertion of a debt or claim and a request for compliance was made to the opposing party, and the opposing party refused to pay the claim. *Standard Constructors, Inc. v. Chevron Chem. Co., Inc.,* 101 S.W.3d 619, 627 (Tex.App.-Houston [1st Dist.] 2003, pet. denied). It is the claimant's burden to plead and prove presentment. *See Ellis v. Waldrop,* 656 S.W.2d 902, 905 (Tex.1983).

Busch argues that Hudson & Keyse failed to prove that it "presented"

4. Because we hold that the trial court did not err in granting judgment for Hudson & Keyse based on Hudson & Keyse's account stated cause of action, we need not address appellants arguments regarding Hudson & Keyse's open account or breach of contract causes of action.

its claim to Busch as required by Chapter 38. At trial, Hudson & Keyse offered into evidence Busch's responses to its Request for Admissions. These were admitted without objection. Request 16 reads, "Plaintiff made demand on Defendant(s) before filing suit, for payment of the outstanding balance due at that time." Busch responded, "Admit." Request 17 reads, "Defendant(s) received a demand letter from Plaintiff (or Plaintiff's predecessor or attorneys) for payment on the account." Busch responded, "Admit that Defendant received a demand from Plaintiff." We hold that Busch's responses to Hudson & Keyse's Requests for Admissions are sufficient to establish that Hudson & Keyse "presented" its claim to Busch as required by Chapter 38. Therefore, the trial court did not err in granting Hudson & Keyse attorney's fees.

We overrule Busch's eighth issue.

### Conclusion

We affirm the trial court's judgment based on Hudson & Keyse's account stated cause of action.