**Reversed and Rendered and Majority and Dissenting Opinions filed May 10, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00349-CV

---

### 839 E. 19TH STREET, L.P., Appellant

### V.

### SCOTT FRIEDSON D/B/A NATIONAL INCOME PROPERTY, LLC, Appellee

---

**On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2007-74965**

---

## MAJORITY OPINION

Appellant, 839 E. 19th Street, L.P., appeals the trial court's judgment in favor of appellee, Scott Friedson d/b/a National Income Property, LLC, on Friedson's claim for an unpaid broker's commission. We reverse and render judgment that Friedson take nothing on his claims.

### BACKGROUND

Scott Friedson, who is a licensed broker and was doing business as National Property Income, LLC, entered into a listing agreement with Waloon Properties, the owner of the Mesa Ridge apartment complex. The listing agreement ended on April 30,

2006, with a "protection period" covering the ninety days after the ending date. Nachman Borenstein of 839 E. 19th Street found the Mesa Ridge property in an internet search, and contacted Friedson about the property. Friedson delivered a copy of a title insurance policy, financial information, rent rolls, and other due diligence materials to Borenstein. Friedson brokered an offer from 839 E. 19th Street dated April 7, 2006, to purchase the property for $5,800,000. Waloon Properties rejected this offer.

After the primary term of the listing agreement with Waloon Properties expired, Borenstein contacted Friedson. Friedson entered into a buyer representation agreement with 839 E. 19th Street, covering only the Mesa Ridge property. The agreement provided for a four percent commission to be paid by the buyer. The term of the buyer representation agreement ran from May 9, 2006, through September 29, 2006, with a "protection period" extending for 120 days after the termination of the agreement.

Friedson brokered a second offer from 839 E. 19th Street dated May 30, 2006, to purchase the property for $6,250,000. This offer expired for lack of acceptance by Waloon Properties. After the second offer expired, Waloon Properties told Friedson that it had decided not to sell the property, but, instead, refinance it. Borenstein represented to Friedson that he was no longer interested in purchasing the property or dealing with its owner.

Friedson did not list the prospects to be protected under the buyer representation agreement during the 120-day "protection period." 839 E. 19th Street placed the property under contract with Waloon Properties on November 6, 2006, which was during the 120-day "protection period." Waloon Properties sold the property to 839 E. 19th Street for $6,350,000.00. The closing and transfer of the property occurred on January 29, 2007.

Friedson was not paid a commission on the transaction. Friedson affixed a lien to the property to secure his commission and gave notice pursuant to section 62.024 of the Texas Property Code. Friedson sued 839 E. 19th Street for breach of contract, equitable

2

estoppel, tortious interference, and civil conspiracy.[1]  839 E. 19th Street asserted the affirmative defense of failure to perform a condition precedent, and counterclaimed for breach of fiduciary duty and fraud.  After holding a bench trial, the trial court entered findings of fact and conclusions of law on November 30, 2010, and entered a final judgment on January 19, 2011, in favor of Friedson for breach of the buyer representation agreement.  The trial court awarded Friedson $254,000, which represents a four percent commission on the $6,350,000 sales price.[2]  839 E. 19th Street filed a motion for new trial, which was overruled by operation of law.  This appeal followed.

## ANALYSIS

### Standard of Review

Findings of fact entered in a case tried to the court have the same force and dignity as a jury's verdict on jury questions.  *Catalina v. Blasdel*, 881 S.W.2d 295, 297 (Tex. 1994).  We apply the same standards in reviewing the legal and factual sufficiency of the evidence supporting the trial court's fact findings as we do when reviewing the legal and factual sufficiency of the evidence supporting a jury's answer to a jury question.  *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996) (per curiam).[3]

In reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the fact finding, crediting favorable evidence if reasonable persons could, and disregarding contrary evidence unless reasonable persons could not.  *City of Keller v. Wilson*, 168 S.W.3d 802, 822, 827 (Tex. 2005).  We may not sustain a

---

[1] Friedson also sued Waloon Properties, Xin Ling Zhoa, William G. Wang, and Chauyen Chang a/k/a Tony Chang, but nonsuited them on February 6, 2009.

[2] Although Friedson also sued Borenstein and 839 East 19 Street G.P. Corp., the general partner of 839 E. 19th Street, the trial court entered judgment against only 839 E. 19th Street.

[3] Friedson claims that 839 E. 19th Street waived its issues on appeal by failing to present them to the trial court.  839 E. 19th Street challenges the legal and factual sufficiency of the evidence supporting the trial court's judgment.  In a nonjury trial, complaints regarding the legal and factual sufficiency of the evidence can be raised for the first time on appeal.  TEX. R. APP. P. 33.1(d).

legal sufficiency, or "no evidence" point unless the record demonstrates that: (1) there is a complete absence of a vital fact; (2) the court is barred by the rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence to prove a vital fact is no more than a scintilla; or (4) the evidence established conclusively the opposite of the vital fact. *Id.* at 810.

To evaluate the factual sufficiency of the evidence, we consider all the evidence and will set aside the finding only if the evidence supporting the finding is so weak or so against the overwhelming weight of the evidence that the finding is clearly wrong and unjust. *Maritime Overseas Corp. v. Ellis*, 971 S.W.2d 402, 406–07 (Tex. 1998); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam).

We review the trial court's conclusions of law de novo. *Busch v. Hudson & Keyse, LLC*, 312 S.W.3d 294, 299 (Tex. App.—Houston [14th Dist.] 2010, no pet.). We review conclusions of law to determine whether the conclusions drawn from the facts are correct. *Zagorski v. Zagorski*, 116 S.W.3d 309, 314 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (op. on reh'g). Even if we determine that the trial court made an erroneous conclusion of law, we will not reverse if the trial court rendered the proper judgment. *Busch*, 312 S.W.3d at 299. We uphold conclusions of law if the judgment can be sustained on any legal theory supported by the evidence. *Id.*

In its first and second issues, 839 E. 19th Street contends that the agreement contained a written-notice condition precedent which Friedson failed to satisfy, and that such failure was not excused. In its third and fourth issues, 839 E. 19th Street contends that the trial court erred by applying the "procuring cause" standard rather than the contractual "called attention to" standard, and determining that Friedson was entitled to recover his broker's fee though he did not show that he "called to [839 E. 19th Street's] attention" the subject property.

4

## Whether the Protection Period Applies

Because we find 839 E. 19th Street's fourth issue dispositive, we address it first. Paragraph 11B of the buyer representation agreement between Friedson and 839 E. 19th Street provides, in relevant part:

> Protection Period:  "Protection Period" means that time starting the day after this agreement ends and continuing for 120 days.  Not later than 10 days after this agreement ends Broker may send Client written notice identifying the properties in the market area called to Client's attention during this agreement.  If during the protection period Client agrees to acquire all or part of any such property, Client will pay Broker, upon closing, an amount equal to the fees Broker would have been entitled to receive had Client acquired the property during the term of this agreement. This Paragraph 11B survives termination of this agreement.

839 E. 19th Street claims that Friedson was not entitled to recover his broker's fee because he did not show that he "called to [839 E. 19th Street's] attention" the subject property.  Our primary concern when we construe a written contract is to ascertain the parties' intent as expressed in the contract.  *In re Serv. Corp. Int'l*, 355 S.W.3d 655, 661 (Tex. 2011) (per curiam) (orig. proceeding).  We agree that the contractual protection period does not apply to the Mesa Ridge property or this dispute.  It is undisputed, and the trial court specifically found, that the Mesa Ridge property is **the** property that the parties made the subject of their agreement.  It is further undisputed, and the trial court specifically found, that Friedson brokered an offer from 839 E. 19th Street on the Mesa Ridge property on April 7, 2006.  The agreement period began May 9, 2006, and ended September 29, 2006.  Under the plain language of paragraph 11B, the "protection period" only applies to "such property" that Friedson called to 839 E. 19th Street's attention between May 9, 2006, and September 29, 2006.  Therefore, even if Friedson called the Mesa Ridge property to 839 E. 19th Street's attention,[4] he did so prior to the agreement. The parties agree that Friedson called other properties to 839 E. 19th Street's attention

---

[4] 839 E. 19th Street urges that inasmuch as it initially discovered the property on the internet and then itself contacted Friedson, Friedson could not have contractually called the property to its attention.

5

during the agreement, but after the Mesa Ridge sale fell through. However, because Friedson is not attempting to recover commissions on any property "called to Client's attention during this agreement," paragraph 11B does not apply here. We sustain 839 E. 19th Street's fourth issue.[5]

## CONCLUSION

Having sustained 839 E. 19th Street's fourth issue, we reverse the trial court's judgment and render judgment that Friedson take nothing on his claims against 839 E. 19th Street.

/s/    Sharon McCally
        Justice

Panel consists of Chief Justice Hedges and Justices Jamison and McCally. (Jamison, J., dissenting).

---

[5] Because we hold that the contractual protection period does not apply to this dispute, we need not decide whether paragraph 11 B is condition precedent. Moreover, because the undisputed facts show that 839 E. 19th Street learned of the property before entering into the buyer representation agreement, we need not decide whether the "procuring cause" or "called attention to" standard applies in this case.