**Affirmed and Memorandum Opinion filed November 25, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00693-CV

### DEVONIA T. GEORGE SLATER, Appellant

### V.

### CHRISTOPHER LANE SLATER, Appellee

**On Appeal from the 246th District Court
Harris County, Texas
Trial Court Cause No. 2012-66462**

## M E M O R A N D U M   O P I N I O N

Appellant Devonia T. George Slater appeals from the trial court's final decree of divorce dissolving her marriage with appellee Christopher Lane Slater. In two issues, she contends the trial court erred in awarding Christopher a house bought during the marriage and in failing to provide findings of fact and conclusions of law when requested. We affirm.

## *Background*

The marriage between the parties was brief, there were no children born during the marriage, and the couple had few assets and liabilities to divide in the divorce decree. Indeed, at trial, the only significant dispute was ownership of a house bought during the marriage.

Devonia and Christopher were married on December 1, 2011, put a $500 deposit or down payment on a house in May or June 2012, and moved into the house in July. The parties separated in November 2012, and the divorce was granted on May 13, 2013.

Christopher testified at trial that the purpose of buying the house was to provide accommodations for his two elderly and infirm parents who had been living with them in a smaller rent house. Devonia testified that the purpose of buying the house was to have more space for all of them, including her three children from a prior marriage, who sometimes stayed with the couple. Devonia submitted an Inventory and Appraisal, which she testified contained accurate values for each listed item of personal property. Christopher testified that Devonia had removed a large number of items from the house that were not listed. The only values provided for the real property came from a Harris County Appraisal District (HCAD) printout that showed the appraised value to be $173,929 as of January 1, 2013, and Christopher's testimony that he believed the house could be sold for between $150,000 and $170,000. Additionally, a Truth-in-Lending Disclosure Statement showed that $157,793.85 of the purchase price had been financed. Christopher stated that he had made eleven payments on the property as of the time of trial, so that the outstanding mortgage amount would be slightly less than the figure reflected in the Statement.

Both parties represented at trial that they had no interest in the personal property then in the possession of the other respective party. Both, however, requested ownership of the house. At the conclusion of trial, the trial judge stated that he would

award each side the personal property then in their possession. He further awarded the house (and responsibility for the accompanying mortgage) to Christopher but also ordered Christopher to pay Devonia $3,500 "when the house is sold or [he] moves out of the house." Devonia filed a general request for findings of fact and conclusions of law. When the trial judge did not file findings and conclusions, she provided a Notice of Past Due Findings of Fact and Conclusions of Law, but the trial court still did not provide findings.

### The House and Personal Property

In her first issue, Devonia contends that the trial court erred in awarding the house to Christopher. As Devonia points out, courts in divorce actions are generally charged under the Texas Family Code with making a "just and right" division of the marital property. Tex. Fam. Code § 7.001. We review the court's division under an abuse of discretion standard and affirm unless a party demonstrates the trial court clearly abused its discretion by ordering a manifestly unjust and unfair division. *Quijano v. Quijano*, 347 S.W.3d 345, 349 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Assessments of the legal and factual sufficiency of the evidence are not independent grounds for reversal in such cases, but they are relevant factors in assessing whether the trial court abused its discretion. *Id.*[1]

Devonia argues that awarding Christopher the house in this case rendered the division of property unjust and unfair. She first points out that a court can consider a number of different factors in dividing the marital estate, including the respective abilities of the parties to support themselves and a spouse's fault in the breakup of the marriage, citing *Twyman v. Twyman*, 855 S.W.2d 619, 625 (Tex. 1993). She then

---

[1] Devonia devotes considerable effort to reciting authority concerning the characterization of property as either separate or part of the marital estate. It is not entirely clear why she makes this emphasis, but it is clear that the trial court awarded Christopher the house as part of the marital property division and did not determine the house to be his separate property.

suggests that Christopher is in a better position to buy a house in the future because he maintained employment throughout the marriage, whereas she stopped working during the marriage to attend school and care for Christopher's parents.[2]  She additionally alleges that Christopher was at least partially at fault for the breakup because he assaulted her.  Devonia suggests that the court determined the evidence of violence was irrelevant, but she does not cite any such ruling by the trial judge, nor have we found one.  It appears that the trial court considered what little evidence was presented regarding the parties' financial conditions and possible violence and determined that granting the house and corresponding debt to Christopher and $3,500 cash to Devonia (upon sale or Christopher's moving out) was part of a just and right division of the property.  Devonia's arguments do not persuade us that the court clearly abused its discretion by ordering a manifestly unjust and unfair division, particularly in light of Christopher's stated reason for wanting the house—so that he could better care for his elderly and infirm parents.[3]  *See Quijano*, 347 S.W.3d at 349; *see also Young v. Young*, 609 S.W.2d 758, 762 (Tex. 1980) (explaining that while a trial court can consider fault in dividing the marital estate, it is not required to do so).

Devonia cites the appraised value of the house from the HCAD printout and suggests, based on this value and the amount of the purchase price that was financed, that Christopher received a net value of approximately $16,000 when he was awarded the house.  She contends that compared to this value, the $3,500 she was to receive upon sale or Christopher's moving out was unjust and unfair.[4]

---

[2] During the pendency of the divorce proceedings, Christopher was ordered to pay Devonia $1,000 a month in spousal support.  Devonia testified, however, that by the time of trial, she was again working and making a decent income.

[3] There was testimony that by the time of trial, Christopher's father had passed away.

[4] Devonia did not make any objection or request in the trial court based on the alleged discrepancy between the value of the marital property awarded to each party.  She requested that she be awarded the house because she has three children from a prior marriage who sometimes stayed with

4

The trial judge, however, questioned whether the HCAD appraisal was the best evidence of value. Christopher indeed testified that there was no equity in the house because they had owned it for less than a year. He estimated the house could be sold for between $150,000 and $170,000. There was also evidence the couple had only put $500 down on the house at the time of purchase. The trial court, therefore, did not necessarily have to accept the $16,000 figure calculated by Devonia. More importantly, there is no requirement that the court effectuate an equal division; the court has discretion to award an unequal distribution and is presumed to have exercised that discretion properly. *Murff v. Murff*, 615 S.W.2d 696, 699 (Tex. 1981).[5]

Next, Devonia argues that, based on the values listed in her Inventory and Appraisal, Christopher received personal property in addition to the house that exceeded by $23,150 the value of the personal property she received. The Inventory and Appraisal, however, contained at least two items, a pickup truck and a jet ski, that Christopher identified as his separate property obtained before marriage. Additionally, Christopher identified a list of other items Devonia had removed from the house that do not appear in her Inventory and Appraisal.

Moreover, as stated, both parties at trial insisted that they had no interest in any items then in the possession of the other party; the only dispute was ownership of the house.[6] Indeed, at no point in the trial court proceedings did Devonia request any additional personal property or cash be awarded to her or argue that there was any unfairness in the division of the personal property. *See* Tex. R. App. P. 33.1(a)

her and because Christopher was in a better position to buy a different house, but she did not make any specific arguments based on value of the property awarded.

[5] We further note that Christopher testified that Devonia had removed a large number of items from the house and the court also awarded Christopher the sizeable mortgage debt associated with the house.

[6] The trial judge asked both parties whether there was any personal property in the possession of the other they wanted, and both parties said no.

(requiring as a prerequisite for presentation on appeal that a complaint must be made in the trial court by a timely and sufficiently specific request, objection, or motion); *Graves v. Tomlinson*, 329 S.W.3d 128, 156 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) (rejecting one argument concerning property division because it was not raised in trial court but considering separate argument that was preserved); *Henry v. Henry*, 48 S.W.3d 468, 481 (Tex. App.—Houston [14th Dist.] 2001, no pet.) (rejecting complaint regarding attorney's fees awarded as part of property division where it was never raised in the trial court). Devonia specifically did not raise this issue in her pleadings, during trial, or by filing a motion for reconsideration or a new trial. Accordingly, the values listed in Devonia's Inventory and Appraisal do not establish that the trial court abused its discretion. Because Devonia has not demonstrated the trial court clearly abused its discretion by ordering a manifestly unjust and unfair division, we overrule her first issue. *See Quijano*, 347 S.W.3d at 349.

### *Request for Findings and Conclusions*

In her second issue, Devonia complains regarding the trial court's failure to provide findings of fact and conclusions of law as requested. When a party makes a proper and timely request for findings of fact and conclusions of law, as Devonia appears to have done here, and the trial court fails to comply, harm is presumed unless the record affirmatively shows that the complaining party suffered no injury. *See* Tex. R. Civ. P. 296; *Watts v. Oliver*, 396 S.W.3d 124, 130 (Tex. App.—Houston [14th Dist.] 2013, no pet.). To determine whether the requesting party was harmed, courts consider whether the failure to file the findings and conclusions prevented the party from properly presenting her case on appeal. *See In re J.I.T.P.*, 99 S.W.3d 841, 848–49 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (citing *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996) (per curiam)). If a party is harmed by the trial court's failure to make the requested findings of fact and conclusions of law, the proper remedy is to abate the

6

appeal and direct the trial court to file the findings of fact and conclusions of law pursuant to Texas Rule of Appellate Procedure 44.4(b). *Busch v. Hudson & Keyse, LLC*, 312 S.W.3d 294, 298 (Tex. App.—Houston [14th Dist.] 2010, no pet.).

Although Devonia cites the general law applicable when a trial court fails to file requested findings and conclusions, she offers no argument as to how the trial court's failure in this case prevented her from properly presenting her appeal or otherwise harmed her, and we can discern no such harm. This was a simple case concerning essentially one issue: who was to be awarded the house. The parties each made arguments to the trial court and have done so on appeal as well. The record affirmatively shows Devonia suffered no harm. *See Watts*, 396 S.W.3d at 130. Accordingly, we overrule Devonia's second issue. *See id.* at 131 (finding no harm where appellant failed to identify any issue that he was unable to brief as a result of the trial court's failure to make findings and conclusions); *In re J.I.T.P.*, 99 S.W.3d at 848-49 ("Because there is a complete reporter's record, [appellant] was able to fully brief, and we were able to fully review, whether the judgment is supported by legally and factually sufficient evidence.").

We affirm the trial court's judgment.


/s/     Martha Hill Jamison
        Justice



Panel consists of Justices Christopher, Jamison, and McCally.

7