**Affirm and Opinion Filed May 10, 2022**



In The
**Court of Appeals
Fifth District of Texas at Dallas**

**No. 05-21-00134-CV**

**GREGORY L. SHELBY, Appellant**
**V.**
**MIDLAND CREDIT MANAGEMENT, INC., Appellee**

**On Appeal from the 192nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-20-01496**

## MEMORANDUM OPINION

Before Justices Myers, Osborne, and Nowell
Opinion by Justice Myers

This is an appeal from a summary judgment granted in favor of appellee

Midland Credit Management, Inc., and against appellant Gregory L. Shelby. Shelby

brings two issues. We affirm.

### BACKGROUND

Appellee-plaintiff Midland Credit Management, Inc. (Midland) filed suit

January 28, 2020, against appellant-defendant Gregory L. Shelby (Shelby) on his

unpaid credit card account. Midland's original petition asserted a cause of action

for account stated. Shelby answered with a specific denial, which he filed pro se.

Midland filed a motion for summary judgment on January 14, 2021.[1] On January 21, seven days after Midland filed its summary judgment motion, Shelby filed a "Reply to the Attorney's Response to the Jurisdictional Challenge with an Affidavit/Motion to Dismiss for Lack of Subject Matter Jurisdiction." This filing, however, is not a substantive response to Midland's motion for summary judgment; it does not contain an affidavit or any admissible summary judgment evidence.

Both Midland and Shelby appeared at the summary judgment hearing held on February 16, 2021. At that hearing, Shelby, who was pro se, was asked by the trial court, "You didn't file a response [to the summary judgment], did you?" Shelby replied as follows:

> MR. SHELBY: I filed many responses. They hadn't—they had not showed a judicial subject matter here. They hadn't presented a signed contract to the Court. They only sent copies of bills, which is not a contract.
>
> They have failed to show direct injury. They have failed to show consideration.
>
> So I move to have the case dismissed until they are able to produce a signed contract and show that there is a contract between the two parties.
>
> THE COURT: Well, unfortunately, Mr. Shelby, I'm not allowed to consider things that are not raised by written response before the hearing.
>
> So they filed a motion for summary judgment. They gave you 21 days' notice and if there was any arguments that you wanted to make in

---

[1] The certificate of service on the motion attested that a true and correct copy was served on all parties by certified mail on December 16, 2020.

opposition to the summary judgment, you were supposed to file that seven days before this hearing today.

MR. SHELBY: Subject matter jurisdiction.

THE COURT: All right. Is that the only argument you have to make today, sir?

MR. SHELBY: Yes. That they have—and that everything that the attorney has said is hearsay. She has no personal knowledge of the matter and it's all hearsay. And she has no one present today who could validate these statements that she's made and for me to cross-examine.

THE COURT: All right. Anything else today, Mr. Shelby?

MR. SHELBY: No.

After considering Midland's motion for summary judgment, the trial court granted summary judgment for Midland in an order signed on February 17, 2021. This appeal followed.

## DISCUSSION

### Summary Judgment Standard of Review

We review a summary judgment de novo. *Trial v. Dragon*, 593 S.W.3d 313, 316 (Tex. 2019). A traditional motion for summary judgment requires the moving party to show that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018). If the movant carries this burden, the burden shifts to the nonmovant to raise a genuine issue of material fact. *Lujan*, 555 S.W.3d at 84. We take evidence favorable to the nonmovant as true and indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Ortiz v. State Farm*

*Lloyds*, 589 S.W.3d 127, 131 (Tex. 2019).

## Appellant's Issues

Shelby brings the following two issues:

1.  Whether the Court's summary dismissal without looking at the facts in the light most favorable to the Plaintiff and providing them with the opportunity to obtain interrogatories attached herein an infringement on the due process rights of the Plaintiff.

2.  Whether the Court should Order that the Defendant respond to the interrogatories attached herein and remand the matter for trial by jury.

## No Response to Midland's Summary Judgment Motion

When, as in this case, a non-movant fails to respond to a summary judgment motion, the non-movant is limited on appeal to arguing the legal sufficiency of the grounds presented by the movant. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex. 1993) (citing *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)). But Shelby does not raise this issue on appeal. Because Shelby's two issues do not attack the legal sufficiency of the grounds presented by Midland, the judgment must be affirmed. *See Adams v. LVNV Funding LLC*, No. 09-07-109-CV, 2007 WL 2127075, *1 (Tex. App.—Beaumont, 2007, no pet.) (mem. op.).

## Account Stated Claim

Furthermore, were we to construe Shelby's "Reply to the Attorney's Response to the Jurisdictional Challenge with an Affidavit/Motion to Dismiss for Lack of Subject Matter Jurisdiction" as a response to the summary judgment motion, it

would not alter our conclusion that the summary judgment must be affirmed. The rule is that a party is entitled to relief under a claim for account stated when: (1) transactions between the parties give rise to indebtedness of one to the other; (2) an agreement, express or implied, between the parties fixes an amount due; and (3) the one to be charged makes a promise, express or implied, to pay the indebtedness. *See, e.g., Bank of America, N.A. v. Groff*, No. 14-19-00726-CV, 2021 WL 98559, at *4 (Tex. App.—Houston [14th Dist.] Jan. 12, 2021, no pet.) (mem. op.); *Busch v. Hudson & Keyse, L.L.C.*, 312 S.W.3d 294, 299 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *McFarland v. Citibank (S. Dakota), N.A.*, 293 S.W.3d 759, 763 (Tex. App.—Waco 2009, no pet.); *Dulong v. Citibank (S. Dakota), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.); *see Continental Cas. Co. v. Dr. Pepper Bottling Co. of Texas, Inc.*, 416 F. Supp. 2d 497, 504 (N.D. Tex. 2006) (citing *Arnold D. Kamen & Co. v. Young*, 466 S.W.2d 381, 388 (Tex. Civ. App.—Dallas 1971, writ ref'd n.r.e.)). Account stated is a proper cause of action for a credit card collection suit because no title to personal property or services pass from the bank to the holder of the credit account. *See, e.g., Groff*, 2021 WL 98559, at *4; *Jaramillo v. Portfolio Acquisitions, LLC*, No. 14-08-00939-CV, 2010 WL 1197669, at *7 (Tex. App.—Houston [14th Dist.] Mar. 30, 2010, no pet.) (mem. op.); *Butler v. Hudson & Keyse, L.L.C.*, No. 14-07-00534-CV, 2009 WL 402329, at *2 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, no pet.) (mem. op.).

The summary judgment record shows that Shelby obtained a credit card from

Capital One Bank (USA), N.A. Capital One and Shelby entered into an account agreement allowing Shelby to receive cash advances and purchase goods and services at different places which honored the credit card as issued by Capital One. Midland Credit Management, Inc., later purchased the account. The summary judgment record also shows that Shelby opened the account, received monthly statements, failed to pay Capital One for the account, and breached the contract. The record further shows that Shelby received monthly credit card statements showing the activity on his account, including charges, fees, interest, credits, and payments. In addition, he made no objections to any of the account statements.

Shelby's credit card account represented a series of transactions on which systematic records were kept and for which Shelby was sent monthly statements. The monthly statements afforded him the option to pay the prior account balance (together with interest incurred) and the current purchases and advances (with any applicable interest) or to pay the minimum monthly payment. Shelby failed to make the required payments and ultimately ceased making any payments, and the balance of the account became due and payable.

Shelby's reply—even if construed as a summary judgment response—does not dispute the summary judgment evidence that he incurred the debt and failed to pay. Additionally, the conclusory assertions found in the reply, such as Shelby's claim that the original contract "was altered or stolen" and there were certain provisions "missing from the contract the attorney's filed in this case," cannot defeat

Midland's motion for summary judgment. These assertions are unsupported by and untethered to any facts, rendering them conclusory and, thus, no evidence to defeat Midland's summary judgment motion. *See, e.g., Ryland Grp., Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); *Apollo Expl., LLC v. Apache Corp.*, 631 S.W.3d 502, 544–45 (Tex. App.—Eastland 2021, pet. filed); *Chapa v. Stonehaven Dev. Inc.*, No. 13-13-00030-CV, 2013 WL 4426383, at *3 (Tex. App.—Corpus Christi–Edinburg Aug. 15, 2013, no pet.) (mem. op.).

### Interrogatories

As for Shelby's claim regarding interrogatories, if he is arguing that he was entitled to a response to interrogatories and that the trial court erred in not ruling on a motion to compel, there is no indication such a motion was before the trial court, set for a hearing, ruled on, or was in any way related to Midland's motion for summary judgment.

"If a party is not satisfied with an opposing party's discovery objections or responses to discovery inquiries, that party may move the trial court to compel discovery." *U. Lawrence Boze' & Assoc., P.C. v. Harris Cnty. Appraisal Dist.*, 368 S.W.3d 17, 32 (Tex. App.—Houston [1st Dist.] 2011, no pet.); *see also* TEX. R. CIV. P. 215.1. But "[t]o preserve error on a discovery dispute, the appealing party must obtain a ruling by the trial court on the discovery issue." *U. Lawrence Boze' & Assoc.,* 368 S.W.3d at 32; *see Gupta v. Midland Funding LLC*, No. 04-13-00227-CV, 2014 WL 3611517, at *1 (Tex. App.—San Antonio July 23, 2014, no pet.)

–7–

(mem. op.).  Also, "[w]hen a party contends it has not had an adequate opportunity for discovery before a summary judgment hearing, it must file either an affidavit explaining the need for further discovery or a verified motion for continuance." *Tenneco, Inc. v. Enter. Prods. Co*., 925 S.W.2d 640, 647 (Tex. 1996); *see also Gupta*, 2014 WL 3611517, at *1; *Kaldis v. Aurora Loan Servs*., 424 S.W.3d 729, 736 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

There is no indication in this record that Shelby presented a motion to compel to the trial court for ruling or that he filed a motion for continuance.  Accordingly, Shelby did not preserve the error, if any, for review.  *See* TEX. R. CIV. P. 33.1(a); *Corona v. Pilgrim's Pride Corp*., 245 S.W.3d 75, 84 (Tex. App.—Texarkana 2008, pet. denied) (complaint relating to motion to compel not preserved where party failed to request hearing to present the motion to compel until the summary judgment hearing, and did not request a ruling on the motion at the hearing or file a motion for continuance).

## Conclusion

Having concluded the trial court did not err in granting summary judgment for Midland, we overrule Shelby's issues and affirm the trial court's judgment.

210134f.p05

/Lana Myers//
LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GREGORY L. SHELBY, Appellant

No. 05-21-00134-CV          V.

MIDLAND CREDIT
MANAGEMENT, INC., Appellee

On Appeal from the 192nd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-20-01496.
Opinion delivered by Justice Myers.
Justices Osborne and Nowell
participating.

In accordance with this Court's opinion of this date, the judgment of the trial

court is **AFFIRMED**.  It is **ORDERED** that appellee MIDLAND CREDIT

MANAGEMENT, INC. recover its costs of this appeal from appellant GREGORY

L. SHELBY.

Judgment entered this 10th day of May, 2022.