**Affirmed and Memorandum Opinion filed July 26, 2022.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-21-00227-CV**

---

**OSCAR PINZON, Appellant**

**V.**

**CAPITAL ONE BANK (USA), N.A., Appellee**

---

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1147936**

---

## M E M O R A N D U M   O P I N I O N

Appellant Oscar Pinzon appeals from a judgment in favor of appellee Capital One Bank (USA), N.A. Capital One sued Pinzon for breach of contract and account stated to collect a credit card debt. After a bench trial at which Pinzon represented himself, the trial court signed a judgment in Capital One's favor. The judgment does not specify the theory of recovery.

Pinzon, continuing to represent himself on appeal, presents the following six issues for our review:

A. Whether the trial court abused its discretion in admitting [Capital One's] business records affidavit as evidence at trial.

B. Whether Capital One failed to prove all the elements on its cause of action of breach of contract against [Pinzon] this cause requires proof of the cost-of-credit terms.

C. Whether Capital One[] failed to prove that the interest rate charged was agreed [to] and authorized by [Pinzon] or specify the interest rate that was agreed on.

D. Whether the trial court erred in admitting evidence that is legally and factually insufficient to establish the elements of account stated in favor of Capital One's recovery pursuant to account stated, as it does not apply to the collection of credit card debt under account stated theory.

E. There is no convincing rationale to draw a distinction between secured and unsecured loans.

F. Under Texas law, acceleration of maturity requires two notices.

After reviewing the record, we conclude that: (1) the trial court did not abuse its discretion in admitting Capital One's business records affidavit and the account records attached thereto; (2) the trial court's implied findings in support of Capital One's account-stated claim are supported by sufficient evidence, which means that we need not address Pinzon's breach-of-contract issues; and (3) Pinzon failed to preserve his issues regarding secured and unsecured loans and notice of acceleration. Accordingly, we affirm the trial court's judgment.

## Background

In 2019, Capital One filed claims for breach of contract and account stated against Pinzon to collect a credit card debt. During the bench trial on Capital One's claims, Capital One introduced a business records affidavit authenticating attached account statements and the cardholder agreement between the parties. Pinzon objected to the affidavit on the grounds that the affiant lacked personal knowledge. The trial court overruled Pinzon's objections and admitted the affidavit and attached

2

account records. The statements covered the period from October 2016 to November 2018. From October 2016 to February 2018, the statements reflected various transactions, including charges and payments made on the account, as well as the applicable interest rate. From March 2018, the statements showed no more payments were made on the account. The October 2018 account statement reflected that the account "has been charged off," and the full balance of $11,558.87 was due.

After Capital One rested, Pinzon called Capital One's attorney to testify. Pinzon began questioning the attorney regarding the specifics of the account, but the attorney objected to Pinzon's questioning because the attorney was not a "fact witness." The trial court sustained the attorney's objections. Pinzon then argued that, because Capital One failed to provide the custodian of records to validate the business records, he was entitled to judgment in his favor. The trial court explained that it had already overruled Pinzon's objections to Capital One's evidence, and Pinzon stated that he had no other evidence.

At the close of the hearing, the trial judge stated, "There's been no evidence to the contrary so judgment is awarded in favor of plaintiff." Because Capital One did not seek attorney's fees or interest, the trial court signed a final judgment in Capital One's favor for $11,558.87, as well as court costs. The judgment does not specify whether the damages were awarded on a breach-of-contract or account-stated theory of recovery.

Pinzon's motion for new trial was denied by operation of law, and this appeal timely followed.

**Analysis**

**A.     Admission of Business Records Affidavit**

In his first issue, Pinzon asserts that the trial court abused its discretion in admitting Capital One's business records affidavit because the affiant lacked personal knowledge of the way Capital One's records are prepared or kept.

We review a trial court's decision to admit evidence for an abuse of discretion. *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 918 (Tex. 2004); *see Ortega v. CACH, LLC*, 396 S.W.3d 622, 628 (Tex. App.—Houston [14th Dist.] 2013, no pet.).  A trial court abuses its discretion when it acts in an unreasonable or arbitrary manner, or without reference to any guiding rules and principles.  *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1984); *see Ortega*, 396 S.W.3d at 628.

Under the business-records exception to the hearsay rule, evidence that is otherwise inadmissible as hearsay may be admissible if the proponent of the evidence demonstrates that:  (1) the records were made and kept in the course of a regularly conducted business activity; (2) it was the regular practice of the business activity to create such records; (3) the records were created at or near the time of the event recorded; and (4) the records were created by, or from information transmitted by, a person with knowledge who was acting in the regular course of business.  Tex. R. Evid. 803(6); *Ortega*, 396 S.W.3d at 629.  The affiant does not have to be the creator of the record or have personal knowledge of the contents of the record, but she must have personal knowledge of the way the records were prepared.  *See Ortega*, 396 S.W.3d at 629; *see also Gaydos v. Bank of Am., N.A.*, No. 02-14-00221-CV, 2015 WL 1544014, at *2 (Tex. App.—Fort Worth Apr. 2, 2015, pet. denied) (mem. op.).  However, a "blanket recitation" of personal knowledge of the matters contained in an affidavit is insufficient.  *Rodriguez v. Citibank, N.A.*, No. 04-12-

4

00777-CV, 2013 WL 4682194, at *2 (Tex. App.—San Antonio Aug. 30, 2013, no pet.) (mem. op.); *Valenzuela v. State & Cnty. Fire Ins. Co.*, 317 S.W.3d 550, 553 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Instead, the affiant must explain how she has personal knowledge. *Rodriguez*, 2013 WL 4682194, at *2; *Valenzuela*, 317 S.W.3d at 553. "An affiant's position or job responsibilities can qualify [her] to have personal knowledge of facts and establish how [she] learned of the facts." *Valenzuela*, 317 S.W.3d at 553; *see also Groff v. Bank of Am., N.A.*, No. 14-19-00383-CV, 2020 WL 4873171, at *3 (Tex. App.—Houston [14th Dist.] Aug. 20, 2020, no pet.) (mem. op.); *Rodriguez*, 2013 WL 4682194, at *2.

Deborah Levenson, the affiant on Capital One's business records affidavit, provided her job title—Litigation Support Representative—and stated that she has "access to all relevant systems and documents of Capital One needed to validate the information herein." She attested that the information attached to her affidavit, i.e., the account statements and account agreement, consists of Capital One's records from Pinzon's credit card account. Finally, she averred that the records

> are kept by Capital One in the regular course of business, and it was in the regular course of business of Capital One for an employee or representative of Capital One, with knowledge of the act, event, condition, opinion, or diagnosis, recorded [sic] to make the record or transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the original or exact duplicates of the original.

Based on our review of Levenson's affidavit, we conclude that she adequately demonstrated her personal knowledge of the facts stated therein, particularly her personal knowledge of the way Capital One's business records are prepared. *See Ortega*, 396 S.W.3d at 629; *cf. Rodriguez*, 2013 WL 4682194, at *2 (explaining that affiant's personal knowledge was established by affiant's explaining that "as

5

custodian of records he has access to and knowledge of Citibank accounts, including Rodriguez's account"); *Groff*, 2020 WL 4873171, at *3 ("Parnell asserted in her affidavit that she had personal knowledge of the facts stated therein, which is supported by other facts contained in the affidavit, such as her position."); *Rizvi v. Am. Express Nat'l Bank*, No. 02-19-00197-CV, 2020 WL 3969585, at *8 (Tex. App.—Fort Worth June 18, 2020, no pet.) (mem. op.) ("[A] witness whose title is 'records custodian' or the like is ordinarily qualified to prove up business records for a simple reason:  someone's 'position or job responsibilities can peculiarly qualify him to have personal knowledge of facts and establish how he learned of the facts.'" (quoting *Southtex 66 Pipeline Co. v. Spoor*, 238 S.W.3d 538, 543 (Tex. App.—Houston [14th Dist.] 2007, pet. denied)).

Accordingly, the trial court did not abuse its discretion by admitting Capital One's business records affidavit and its attachments into evidence, and we overrule Pinzon's first issue.

## B.    Account-Stated Claim

In his fourth issue, Pinzon challenges the factual sufficiency of the evidence to support Capital One's account-stated claim.[1]

---

[1] In presenting this issue, Pinzon states that an account-stated claim "does not apply to the collection of credit card debt."  However, this court has repeatedly held that account stated is a proper cause of action for a credit card collection suit.  *See Groff*, 2020 WL 4873171, at *2-3; *Busch v. Hudson & Keyse, LLC*, 312 S.W.3d 294, 298 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *Jaramillo v. Portfolio Acquisitions, LLC*, No. 14-08-00939-CV, 2010 WL 1197669, at *7 (Tex. App.—Houston [14th Dist.] Mar. 30, 2010, no pet.) (mem. op.).

Further, although Pinzon states in his issue presented that the evidence is legally insufficient, he concedes in arguing this issue that there is legally sufficient evidence to establish the elements of an account-stated claim.  Thus, we restrict our review to the factual sufficiency of the evidence, which Pinzon preserved in his motion for new trial.

When, as here, a trial court does not issue findings of fact and conclusions of law,[2] we infer all relevant facts necessary to support the judgment that are supported by the evidence. *Cochran Invs., Inc. v. Chicago Title Ins. Co.*, 550 S.W.3d 196, 201 (Tex. App.—Houston [14th Dist.] 2018), *aff'd*, 602 S.W.3d 895 (Tex. 2020). Our sufficiency review of court findings does not differ substantively from that applicable to jury findings. *See MBM Fin. Corp. v. Woodlands Operating Co.*, 292 S.W.3d 660, 663 n.3 (Tex. 2009); *Arshad v. Am. Express Bank, FSB*, 580 S.W.3d 798, 803 (Tex. App.—Houston [14th Dist.] 2019, no pet.). When a party challenges the factual sufficiency of the evidence supporting a finding for which he did not have the burden of proof, we may set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998); *Nip v. Checkpoint Sys., Inc.*, 154 S.W.3d 767, 769 (Tex. App.—Houston [14th Dist.] 2004, no pet.). In performing our review, we examine the entire record, considering both the evidence in favor of, and contrary to, the challenged findings. *See Ellis*, 971 S.W.2d at 406-07; *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). The amount of evidence necessary to affirm a judgment is far less than that necessary to reverse it. *E.g.*, *Bank of Am.*, 2021 WL 98559, at *3; *Thomas v. Uzoka*, 290 S.W.3d 437, 452 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).

---

[2] Pinzon made a timely initial request for findings of fact and conclusions of law. *See* Tex. R. Civ. P. 296, 297. However, the trial court did not sign any findings, and Pinzon did not notify the trial court that the findings were past due. Tex. R. Civ. P. 297 ("If the court fails to file timely findings of fact and conclusions of law, the party making the request shall, within thirty days after filing the original request, file with the clerk and serve on all other partis in accordance with Rule 21a a 'Notice of Past Due Findings of Fact and Conclusions of Law' which shall be immediately called to the attention of the court by the clerk."). Pinzon's failure to fully comply with rule 297 means that he did not properly request the findings, and he has waived any complaint about the trial court's failure to issue the findings. *See Bank of Am. N.A. v. Groff*, No. 14-19-00726-CV, 2021 WL 98559, at *2 (Tex. App.—Houston [14th Dist.] Jan. 12, 2021, no pet.) (mem. op.).

A party is entitled to recover under an account-stated claim when: (1) transactions between the parties give rise to indebtedness of one to the other; (2) an agreement, express or implied,[3] between the parties fixes an amount due; and (3) the one to be charged makes a promise, express or implied, to pay the indebtedness. *Groff*, 2020 WL 4873171, at *2; *Busch*, 312 S.W.3d at 299; *Dulong v. Citibank (S.D.), N.A.*, 261 S.W.3d 890, 893 (Tex. App.—Dallas 2008, no pet.). In today's case, Pinzon contends that there is factually insufficient evidence to show the second element of an account-stated claim. We disagree.

In cases involving a credit card debt, the cardholder's payment on the account or acquiescence to the credit card company's imposition of interest, fees, and charges suffices to establish the agreement. *Rodriguez*, 2013 WL 4682194, at *1; *Busch*, 312 S.W.3d at 299. Capital One submitted billing statements for a credit card that Levenson averred was issued to Pinzon. As noted above, these statements are dated from October 2016 until the account was "charged off" in November 2018. At the time the account was charged off, the account documents reflect an outstanding balance of $11,558.87.

There is no evidence to suggest that Pinzon did not receive the statements; indeed, he did not testify at the bench trial and offered no contrary evidence. The statements reflect that charges and payments were made on the account; in fact, from October 2016 until March 2018, the statements reflect that "autopay payments" were authorized for and credited to the account, and several statements show that "mobile

---

[3] Because the agreement may be express or implied, the party seeking to recover need not prove the existence of a written contract but may simply present evidence of acts and conduct by the parties that give rise to an implied agreement fixing an amount due and that the indebted party agreed to pay the indebtedness. *See Busch*, 312 S.W.3d at 299. Here, as noted above, however, Capital One introduced a copy of the account agreement.

8

payments" were additionally made on and credited to the account.[4]  Pinzon did not offer any evidence during the bench trial to dispute any transactions shown on the statements.  The statements also reflect that interest was charged against the account at varying rates, and late fees and over-limit fees were periodically assessed against Pinzon.  *Cf. Rodriguez*, 2013 WL 4682194, at *1; *Busch*, 312 S.W.3d at 299.  There is no evidence that Pinzon ever objected to or disputed any interest charges or fees.

After examining the entire record, we conclude that the trial court's implied findings in support of Capital One's account-stated claim are not so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.  Thus, there is factually sufficient evidence to support Capital One's account-stated claim, and we overrule Pinzon's fourth issue.[5]

## C.    Pinzon's Remaining Issues Were Not Preserved in the Trial Court

Pinzon presents two additional issues regarding distinguishing between secured and unsecured loans and notice of acceleration of maturity.  Pinzon did not raise either of these arguments in the trial court.

To present a complaint for appellate review, the record must show that the appellant presented the complaint to the trial court and obtained a ruling on it.  *See* Tex. R. App. P. 33.1(a); *Sylvester v. Nilsson*, No. 14-19-00901-CV, 2021 WL 970924, at *3 (Tex. App.—Houston [14th Dist.] Mar. 16, 2021, no pet.) (mem. op.).

---

[4] Pinzon suggests that this evidence is factually insufficient to show the second element of an account-stated claim in part because he largely made only the minimum monthly payments.  In arguing this issue, Pinzon acknowledges that he made payments on the account.  As explained, a cardholder's payment on the account suffices to establish the agreement.  *See Rodriguez*, 2013 WL 4682194, at *1; *Busch*, 312 S.W.3d at 299.

[5] Our resolution of this issue against Pinzon means we need not address his second and third issues in which he challenges Capital One's breach-of-contract claim.  *See* Tex. R. App. P. 47.1.

9

We conclude that Pinzon failed to preserve his fifth and sixth issues by not raising them in the trial court. Thus, these issues are overruled.

## Conclusion

We have overruled all of Pinzon's dispositive issues. We affirm the trial court's judgment.


/s/    Kevin Jewell
        Justice


Panel consists of Justices Jewell, Zimmerer, and Hassan.