**Affirmed as Modified and Opinion filed January 5, 2012.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-10-01151-CV

---

### JOSEPH AND JAMIE SCHWARTZOTT, Appellants

### V.

### MARAVILLA OWNERS ASSOCIATION, INC., Appellee

---

**On Appeal from the County Court at Law No. 2**
**Galveston County, Texas**
**Trial Court Cause No. 61,345**

---

## O P I N I O N

In this case, condominium owners challenge a summary judgment in favor of a condominium owners' association in a suit to collect allegedly past-due assessments as well as attorney's fees and costs. We conclude that the trial court erred in awarding the association certain fees and costs. Accordingly, we modify the trial court's judgment to delete these fees and costs and affirm the judgment as modified.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Appellants/defendants Joseph and Jamie Schwartzott (the "Schwartzotts") own a unit in the Maravilla Condominiums in Galveston, Texas. Appellee/plaintiff Maravilla Owners Association, Inc. (the "Association") is the governing body of the Maravilla Condominiums (the "Condominiums"). The Association filed suit against the Schwartzotts in county court to recover monthly assessments and late fees the Association claimed were owing in connection with the Schwartzotts' ownership of a unit in the Condominiums. The Association also sought to recover attorney's fees, costs of collection, prejudgment interest, and postjudgment interest.

Pursuant to Texas Rule of Civil Procedure 93, the Schwartzotts included in their answer to the suit a verified denial of the account that was the foundation of the Association's action. The Schwartzotts also asserted the defenses of offset and credit, accord and satisfaction, promissory estoppel, waiver, and payment.

The Association moved for a traditional summary judgment, asserting that there was no genuine issue of material fact regarding each element of their claim and that the Association was entitled to judgment as a matter of law. The Association attached to its summary-judgment motion (1) a certified copy of the Third Amended and Restated Declaration of Condominium Regime for the Condominiums (the "Declaration"), (2) an affidavit of Cathleen Comeaux-Bach, the Association's accounts receivable manager, (3) a statement of what Comeaux-Bach stated was an account for amounts owed by the Schwartzotts as a result of their ownership of a unit in the Condominiums, (4) an attorney's fees affidavit, and (5) a billing statement from the Association's trial attorney. The Schwartzotts did not file a response to the Association's summary-judgment motion, nor did they appear at the summary-judgment hearing.

The trial court granted summary judgment, awarding $5,930 as the principal amount due, prejudgment and postjudgment interest, $4,609.25 for attorney's fees and costs of collection in the past, and "any additional attorney's fees or costs of collection incurred after August 11, 2010 until the date the judgment is paid."

2

## II. ISSUES PRESENTED

In three appellate issues, the Schwartzotts assert that (1) the trial court erred in granting summary judgment based upon the sworn account procedure under Texas Rule of Civil Procedure 185, because this procedure is not available in a claim for homeowner's association dues; (2) the trial court erred in awarding the Association a ten percent collection fee as part of the attorney's fees as well as in awarding attorney's fees for services regarding a different lawsuit; and (3) the trial court erred by awarding the Association an unspecified amount of attorney's fees and collection costs incurred after the Association filed its summary-judgment motion and before payment of the judgment.

## III. STANDARD OF REVIEW

In a traditional motion for summary judgment, if the movant's motion and summary-judgment evidence facially establish its right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine, material fact issue sufficient to defeat summary judgment. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000). In our de novo review of a trial court's summary judgment, we consider all the evidence in the light most favorable to the nonmovants, crediting evidence favorable to the nonmovants if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). When, as in this case, the order granting summary judgment does not specify the grounds upon which the trial court relied, we must affirm the summary judgment if any of the independent summary-judgment grounds is meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

## IV. ANALYSIS

**A.    Did the trial court err because the sworn-account procedure under Texas Rule of Civil Procedure 185 was not available to the Association in this case?**

In their first issue, the Schwartzotts assert that the trial court erred in granting summary judgment because the only basis for the Association's recovery was its suit on a sworn account under Texas Rule of Civil Procedure 185, which the Schwartzotts argue is unavailable to collect homeowners association dues.

### 1.    *Texas Rule of Civil Procedure 185*

Rule 185, entitled "Suit on Account", outlines a procedure available "when any action or defense is founded upon an open account or other claim for goods, wares and merchandise, including any claim for a liquidated money demand based upon written contract or founded on business dealings between the parties, or is for personal services rendered, or labor done or labor or materials furnished, on which a systematic record has been kept, and is supported by [an affidavit having certain specified characteristics]." Tex. R. Civ. P. 185. When the procedure is followed, the affidavit is taken as prima facie evidence of the claim unless the opposing party filed a verified denial. *Id.*

### 2.    *The Association's Ground for Summary Judgment*

The Schwartzotts argue that the Association only sought summary judgment based upon "a sworn account claim." The Schwartzotts emphasize one sentence from the summary-judgment motion in which the Association states that "[The Association's] cause of action is for funds owed on a sworn account: Schwartzotts' account for assessment of common area expenses." This sentence does include the words "sworn account." But, in the motion, the Association also asserted that its "motion embraces the entire claim stated in [the Association's] pleadings" and that "there is no genuine issue as to any material fact regarding each and every element of [the Association's] claim, and [the Association] is entitled to a judgment as a matter of law." In its motion, the Association did not specify the claim or claims asserted in its petition. But the

Association asserted as a ground that the summary-judgment evidence conclusively proved its entitlement to judgment on the claim asserted in its petition. This raises the issue of what claim or claims the Association asserted in its petition.

### 3. *The Association's Petition*

Because the trial court sustained no special exceptions against this petition, this court must construe that pleading liberally in the Association's favor to include all claims that reasonably may be inferred from the language used therein. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000). Under this liberal construction, we conclude that a claim for account stated reasonably may be inferred from the language in the Association's petition. A party is entitled to relief under a claim for account stated when (1) transactions between the parties give rise to indebtedness of one to the other; (2) an agreement, express or implied, between the parties fixes an amount due; and (3) the one to be charged makes a promise, express or implied, to pay the indebtedness. *See Busch v. Hudson & Keyse, L.L.C.*, 312 S.W.3d 294, 299 (Tex. App.—Houston [14th Dist.] 2010, no pet.); *Butler v. Hudson & Keyse, L.L.C.*, No. 14-07-00534-CV, 2009 WL 402329, at *2 (Tex. App.—Houston [14th Dist.] Feb. 19, 2009, no pet.) (mem. op.). Such a claim may be asserted and successfully prosecuted without satisfying the prerequisites for the Rule 185 procedure. *See Butler*, 2009 WL 402329, at *2–3 & n.1.

The Schwartzotts argue that the Association's claim does not fall within the scope of Rule 185.[1] We presume, without deciding, that the Schwartzotts are correct in this regard. Nonetheless, we note that the Schwartzotts filed a verified denial, and the trial court did not grant summary judgment based upon an alleged failure of the Schwartzotts to file a verified denial. The Association did not seek summary judgment based upon the Rule 185 procedure. Therefore, even if this procedure were inapplicable, there would be

---

[1] The Schwartzotts rely upon *Northwest Park Homeowners Ass'n, Inc. v. Brundrett*, in which the court held that Rule 185 did not apply to a claim by a homeowners association seeking to recover maintenance assessments against homeowners. *See* 970 S.W.2d 700, 701–03 (Tex. App.—Amarillo 1998, pet. denied).

no error in the trial court's ruling.

### 4. *Conclusive Proof of the Association's Claim*

The Schwartzotts have not argued that the summary-judgment evidence fails to conclusively prove an account-stated claim on the Association's behalf. Even if the Schwartzotts had asserted this argument, we would conclude that the summary-judgment evidence conclusively proved (1) transactions between the Association and the Schwartzotts giving rise to the indebtedness of the Schwartzotts to the Association, (2) an agreement, express or implied, fixed the amount that the Schwartzotts owe the Association, and (3) a promise, express or implied, by the Schwartzotts to pay the indebtedness. Without addressing the Schwartzotts' second and third issues, in which they challenge some of the attorney's fees and costs awarded by the trial court, we conclude that the Association conclusively proved these three elements of an account-stated claim. *See Busch*, 312 S.W.3d at 299–300 (holding evidence was legally sufficient to support account-stated claim in credit-card collection suit); *Butler*, 2009 WL 402329, at *2–4 (holding summary judgment was properly granted as to account-stated claim in credit-card collection suit).

The summary-judgment evidence included a certified copy of the Declaration, which requires owners like the Schwartzotts to pay assessments levied by the Board of Directors of the Association. Under their first issue, the Schwartzotts complain that the summary-judgment evidence did not contain specific evidence that the assessments in question were levied by the Association's Board of Directors. Comeaux-Bach testified as records custodian and accounts receivable manager for the Association that the Schwartzotts owned a unit in the Condominiums and that the Schwartzotts owed the Association $5,930 for unpaid assessments pursuant to the governing documents of the Condominiums. Comeaux-Bach testified that the Association had made repeated demands upon the Schwartzotts to pay the account and that the Schwartzotts had failed and refused to pay the amounts owing on this account. She also stated that the Association had allowed all just and lawful offsets and credits and that the amounts

6

charged were due, owing, just, and correct.  Comeaux-Bach stated that the facts contained in the attached statement of the account were within her personal knowledge and were just, true, and correct.  Though Comeaux-Bach could have testified more specifically that the Association's Board of Directors levied the assessments, her testimony and the Declaration conclusively prove a promise, express or implied, by the Schwartzotts to pay the indebtedness.[2]  *See Butler*, 2009 WL 402329, at *2–4 (holding summary-judgment evidence that credit-card holder accepted and used credit card for purchases conclusively proved implied promise by card holder to pay the indebtedness incurred under the credit card).  For the foregoing reasons, we overrule the Schwartzotts' first issue.

**B.     Did the trial court err in awarding certain fees and unspecified future costs and fees?**

In their second issue, the Schwartzotts challenge the trial court's attorney's–fees award to the extent it was based upon (1) a "collection fee" of $593 calculated based upon ten percent of the principal amount owed by the Schwartzotts, and (2) $682.50 in attorney's fees incurred in defending a lawsuit filed by the Schwartzotts against the Association in a different court.  In their third issue, the Schwartzotts assert the trial court erred by awarding the Association an unspecified amount of attorney's fees and collection costs incurred after the Association filed its summary-judgment motion and before payment of the judgment.

The billing statement reflects that $682.50 of the attorney's fees that the Association's counsel testified were reasonable and necessary were incurred for the review of a separate lawsuit by the Schwartzotts against the Association and the

---

[2] The Schwartzotts rely upon *Northwest Park Homeowners Ass'n, Inc.*, a case that did not involve an account-stated claim. *See* 970 S.W.2d at 703–04.  In that case, the homeowners association appealed a take-nothing judgment and challenged the trial court's adverse fact findings against it that the assessments were not properly imposed. *See id*.  The Schwartzotts also rely upon *Powers v. Adams*, but that case did not involve an account-stated claim either. *See* 2 S.W.3d 496, 499 (Tex. App.—Houston [14th Dist.] 1999, no pet.).  We conclude that the *Northwest Park Homeowners Ass'n, Inc*. and *Powers* cases are not on point.

7

preparation of an answer to the Schwartzotts' petition in this lawsuit. The summary-judgment evidence does not show how these attorney's fees were reasonable fees for the collection of the assessments owed by the Schwartzotts to the Association. Accordingly, we conclude that the trial court erred in awarding fees based upon this amount, and we sustain the second issue to this extent.[3]

In testifying that the Association's attorney's fees were reasonable and necessary, the Association's attorney relied upon a statement of the hours worked multiplied by a billable rate for most of the fees, but $593 of the attorney's fees were based upon a flat fee of ten percent of the principal amount owed. On appeal, the Schwartzotts complain that this ten-percent flat fee is not mentioned in the Declaration and that the Association unilaterally chose to impose this fee. The Schwartzotts assert that the trial court erred in awarding reasonable fees based upon expert testimony regarding reasonable fees that includes both a flat fee and a component based upon hourly billing rates.

In *Arthur Andersen & Company v. Perry Equipment Corporation*, the Supreme Court of Texas held that, to recover attorney's fees under the Texas Deceptive Trade Practices Act, the plaintiff must prove that the amount of fees is both reasonably incurred and necessary to the prosecution of the case at bar, and must ask the factfinder to award the fees in a specific dollar amount, not as a percentage of the judgment. *See* 945 S.W.2d 812, 819 (Tex. 1997). The Schwartzotts have not cited any cases holding that a party cannot recover a requested dollar amount of attorney's fees because the party's expert opined that this amount is reasonable and necessary based upon a flat fee combined with a billable hours calculation. We conclude that the trial court did not err in awarding reasonable fees based upon expert testimony regarding reasonable fees that includes both

---

[3] The Association asserts that by failing to respond to the Association's summary-judgment motion, the Schwartzotts waived any complaint regarding the Association's failure to segregate recoverable from nonrecoverable fees. But, the Schwartzotts are not complaining of a failure to segregate; they are asserting that the evidence of reasonable attorney's fees from the other lawsuit does not support the trial court's summary judgment awarding reasonable attorney's fees in this lawsuit. This complaint can be raised for the first time on appeal. *See M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). Indeed, the Association segregated its attorney's fees proof.

a flat fee and a component based upon hourly billing rates. Accordingly, we overrule the remainder of the second issue.

In their third issue, the Schwartzotts challenge the trial court's award of "any additional attorney's fees or costs of collection incurred after August 11, 2010 until the date the judgment is paid." First, the trial court did not require that the additional fees be reasonable, a requirement under the Declaration and any potentially applicable statute. Second, even if attorney's fees will accrue after filing of the motion for summary judgment or after judgment, Texas law requires proof of the amount of any such reasonable fees before they can be recovered. *See Varner v. Cardenas*, 218 S.W.3d 68, 69–70 (Tex. 2007) (per curiam). The Association provided no evidence of the amount of any reasonable fees that might be incurred in the future, and the trial court rendered a blanket award of all fees incurred, even if unreasonable. The trial court erred in awarding future fees and costs. Accordingly, we sustain the Schwartzotts' third issue.

## V. CONCLUSION

Presuming that the Rule 185 procedure is not available in the case under review, the trial court did not rely upon this procedure, so such a conclusion would not show any error by the trial court. The Schwartzotts have not argued that the summary-judgment evidence fails to conclusively prove an account-stated claim on the Association's behalf. Even if the Schwartzotts had asserted this argument, we would conclude that the summary-judgment evidence conclusively proves the essential elements of an account-stated claim supporting the trial court's judgment. The trial court did not err in awarding reasonable fees based upon expert testimony regarding reasonable fees that includes both a flat fee and a component based upon hourly billing rates. But, the trial court did err in (1) basing its fee award in part on fees for the Association's defense of a separate lawsuit filed by the Schwartzotts, and (2) awarding unspecified fees incurred after the filing of the summary-judgment motion. Accordingly, we modify the trial court's judgment to change the total fees and costs awarded to $3,926.75 and to delete the award of additional fees and costs incurred after August 11, 2010.

9

As modified, the trial court's judgment is affirmed.


/s/  Kem Thompson Frost
Justice


Panel consists of Justices Frost, Jamison, and McCally.